THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA
NEVADA BAR NO. 00837
BRIAN O. O'MARA, ESQ.
NEVADA BAR NO. 08214
DAVID C. O'MARA, ESQ.
NEVADA BAR NO. 08599
311 East Liberty Street
Reno, NV 89501
Telephone: 775-323-1321
775-323-4082 (fax)

Attorneys for Marion Streczyn

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARION STRECZYN,<br><br>    Plaintiff,<br><br>vs.<br><br>MENU FOODS INCOME FUND, a foreign corporation; MENU FOODS, INC., a New Jersey Corporation; and DOES I-X, inclusive,<br><br>    Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT |

Dockets.Justia.com

## SUMMARY OF CLAIMS

Plaintiff Marion Streczyn ("Plaintiff"), individually and on behalf of all others similarly situated, files this action for damages against Menu Foods, Inc., a New Jersey Corporation and Menu Foods Income Fund, a foreign corporation ("Defendants") and alleges as follows:

## SUMMARY OF CLAIMS

1. This is a class action lawsuit brought by Plaintiff on behalf of herself and all others similarly situated who purchased pet food and pet food products produced, manufactured and/or distributed by Defendants that caused injury, illness, and/or death to Plaintiff's household pets.

2. Defendant Menu Foods Income Funds purports to be the leading North American private label/contract manufacturer of wet pet food products sold by supermarket and pet specialty retailers, mass merchandisers and other wholesale and retail outlets, including, among others, stores owned and operated by Kroger Co., Safeway Inc., Wal-Mart Stores Inc., PetSmart Inc., Giant Food, and other large retail chains. Defendants produce hundreds of millions of containers of pet food annually.

3. Defendants designed, manufactured, marketed, advertised and warranted their pet food products. In conjunction with each sale, Defendants marketed, advertised and warranted that the products were fit for the ordinary purpose for which such goods were used – consumption by household pets – and were free from defects. Defendants produced the pet food products intending that consumers will purchase the pet food products, regardless of the brand or label name, place where the pet food was purchased, or the location where the harmed pets actually consume the pet food. The pet food products were intended to be placed in the stream of commerce and distributed and offered for sale and sold to Plaintiff and purchasers in Nevada and throughout the United States and fed to their pets.

4.  Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on her own behalf and as a representative of a class of persons consisting of all persons in the United States who purchased, or incurred damages by using pet food produced manufactured and/or distributed by Defendants that was or will be recalled by the Defendants, including that produced from December 3, 2006 up to and including March 6, 2007.  Among other brands and types of pet food, defective pet food includes the following,

**IAMS CAT**
*Select Bites 3 oz Pouches*
- Adult with Beef in Gravy
- Adult with Chicken and Wild Rice in Gravy
- Adult with Chicken in Gravy
- Adult with Turkey in Gravy
- Adult with Salmon in Sauce
- Adult with Tuna in Sauce
- Kitten with Chicken in Gravy
- Weight Control with Tuna in Sauce
- Active Maturity with Chicken in Gravy
- Variety Pack with Beef, Chicken & Turkey
- Variety Pack with Salmon and Tuna
- Variety Pack with Chicken and Turkey

*Cat Slices and Flakes in Cans*
- Slices with Turkey in Gravy 3/6 oz
- Slices with Beef in Gravy 3/6 oz
- Slices with Chicken in Gravy 3/6 oz
- Kitten Slices with Turkey in Gravy 3 oz
- Flakes with Tuna & Ocean White Fish in Sauce 3/6 oz
- Flakes with Salmon in Sauce 3/6 oz
- Variety Pack Slices with Chicken and Beef in Gravy 3 oz
- Variety Pack Flakes with Tuna & Ocean White Fish and Salmon in Sauce 3 oz

**IAMS DOG**

*Select Bites 5.3 oz Pouches*
- Puppy with Chicken in Gravy
- Adult with Beef in Gravy
- Adult with Beef, Potatoes and Carrots in Gravy
- Adult with Chicken in Gravy

- Adult with Turkey in Gravy
- Adult with Lamb and Wild Rice in Gravy
- Weight Control with Chicken in Gravy
- Active Maturity with Beef in Gravy
- Variety Pack with Beef, Chicken, Lamb & Rice
- Variety Pack with Beef and Chicken

*Small Bites 6 oz Cans*
- Puppy with Beef & Chicken in Gravy
- Small Dogs with Chicken in Gravy
- Small Dogs with Beef & Vegetables in Gravy
- Variety Pack for Small Dogs with Beef & Vegetables and Chicken in Gravy

*Chunks 13.2 oz Cans*
- Beef & Vegetables in Gravy
- Chicken in Gravy
- Active Maturity with Beef in Gravy
- Weight Control with Beef in Gravy
- Puppy with Beef & Chicken in Gravy
- Variety Pack for with Beef & Vegetables and Chicken in Gravy
- Multipack with Beef & Vegetables in Gravy
- Multipack with Beef & Chicken in Gravy
- Multipack with Chicken in Gravy

5.      As a result of the defective products, Plaintiff and members of the Class have suffered damages in that their pets – members of their families and companions – have been injured, stricken ill and/or died.  Additionally, Plaintiff and members of the Class have suffered economic damages.

6.      Defendants know and have admitted that certain products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to household pets, and on March 16, 2007, initiated a recall of some of the products.  Further, the Food and Drug Administration has reported that as many as one in six animals died in tests of the products by Defendants last month after the Defendants received complaints that their products were poisoning pets around the country.  A spokeswoman for the New York State Department of Agriculture and Markets has said that rodent poison was determined to have been mixed into the products by Defendants.  Testing conducted by the FDA has said that melamine – a chemical banned

- 3 -

in the United States and used to make plastics and fertilizer in Asia – was found in the defective products.

## PARTIES

7. Plaintiff, Marion Streczyn is a resident of Washoe County, Nevada. Ms. Streczyn purchased and began feeding her cat "Patches," Iams Select Bites cat food as early as December 2006. The Iams Select Bites Cat Food purchased by Plaintiff is a part of the group of products that were produced, manufactured and/or distributed by Defendants.

8. Defendant Menu Foods Income Fund, is an unincorporated company with its principal place of business in the Province of Ontario, Canada. Upon information and belief, Defendant Menu Foods Income Fund conducts business in the State of Nevada and holds itself out as the leading North American private-label/contract manufacturer of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty retailers and other retail and wholesale outlets. In 2006, the Fund produced more than one billion containers.

9. Defendant Menu Foods, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey, specifically located at 9130 Griffith Morgan Lane, Pennsauken NJ 08110. Defendant Menu Foods Income Fund. Some of Defendant Menu Foods, Inc.'s high managerial officers or agents with substantial authority are also high managerial officers or agents of Defendant Menu Foods Income Fund.

10. The true names and capacities, whether individual, corporate, partnership, association or otherwise of the Defendants named herein as DOES I through X, inclusive, are unknown to the Plaintiff at this time, who therefore sues said Defendants by fictitious names and will ask leave of the Court to amend this Complaint when the same are ascertained; said Defendants are sued as principals, and/or agents, servants, attorneys and employees of said principals, and all of the acts

performed by them are within the course and scope of their authority of employment; Plaintiff is informed and believes, and thereupon alleges, that each of the said Defendants is legally responsible in some manner for the events and happenings referred to herein, and directly and proximately caused the damages and injuries to the Plaintiff as hereinafter alleged.

11. Plaintiff, individually and as representative of a Class of similarly situated persons more defined below, brings suit against the named Defendants for offering for sale and selling to Plaintiff and members of the Class the products in a defective condition and thereby causing damages to Plaintiff and members of the Class.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, and the Class Action Fairness Act of 2005, Pub. L. 109-2 (Feb. 18, 2005); and over supplemental state law claims pursuant to 28 U.S.C. §1367.

13. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391 and/or Pub. L. 109-2 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## SUBSTANTIVE ALLEGATIONS

**Defendants' Defective Pet Food**

14. Defendants are in the business of manufacturing, producing, distributing, and/or selling pet food under various brands or labels, and/or for third party firms, including, among other brands or labels, Eukanuba, Iams and Science Diet. Defendants have manufactured or produced pet food for private labels for approximately seventeen (17) of the twenty (20) leading retailers in the United States.

15. Defendants produce millions of pouches or containers of pet food products each year, a substantial portion of which are sold or offered for sale in the state of Nevada. Upon information and belief, Defendants have sold, either directly or indirectly, thousands of units of defective pet food and pet food products nationwide and in the State of Nevada.

16. Defendants manufactured, marketed, advertised, warranted and sold, either directly or through its authorized distribution channels, the defective products that caused Plaintiffs damages. Plaintiff and members of the Class have been or will be forced to pay for damages caused by the defect in Defendants' products.

**Plaintiff Has Been Damaged as a Result of Defendants' Defective Products and Wrongful Conduct**

17. From approximately December 2006, through and including March 2007, Plaintiff purchased Iams Select Bites Cat Food pet food from a national chain grocery store operating in Reno, Nevada.

18. Over the course of this period of time, Plaintiff fed the cat food to her cat Patches.

19. Patches became extremely ill during the first few weeks of February 2007, as a result of eating the cat food.

20. Towards the end of that period, Plaintiff began noticing that Patches could not seem to urinate normally and would throw up her food.

21. On February 3, 2007, Plaintiff took Patches to the veterinarian, who, after holding Patches for several days for observation and testing, informed her that Patches' problem was in her kidneys. The veterinarian gave Patches antibiotics and steroids to help her eat and switched her cat food from Iams to Science Diet. Within about ten (10) days, Patches could not stop throwing up and was in grave pain.

22. On February 17, 2007, Patches had to be euthanized.

23. On or about March 16, 2007, Defendants announced a recall of approximately 42 brands of "cuts and gravy style dog food, all produced by the Defendants between December 3, 2006 and March 6, 2007." Defendants had initially received complaints from consumers as far back as February 20, 2007, indicating that certain of Defendants' pet food was causing kidney failure and death in dogs and cats. Additionally, Menu Foods has admitted that it was aware of the tainted pet food as early as March 6, 2007, because it made the decision to change its supplier on that date in the wake of these complaints.

24. Prior to the recall, Defendants never warned Plaintiff or any other member of the Class that the products would cause their pets to have health problems. As referenced above, Defendants knew about the risks of injury or death at least one month prior to the time that Plaintiff fed the products to her cat.

25. As a result of their purchases of the defective products, as set forth above, Plaintiff and other members of the Class have suffered and will suffer damages, including, among other things, consequential and incidental damages, such as the loss or disability of their household pets and companions, costs of purchasing the defective products and replacing it with a safe product, the cost of veterinarians, treatment, medicines and the trip(s) to make such visits for diagnosis and treatment, and otherwise.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on her own behalf and as a Class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following proposed class:

> All persons in the United States who purchased, or incurred damages as a result of using, pet food produced and/or manufactured by Defendants that has been or will be recalled by the Defendants, including, but not limited to those products produced from December 3, 2006 up to and including March 6, 2007.

Following the completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the class definition. Excluded from the Class are Defendants, its parents, subsidiaries, affiliates, directors and officers, and members of their immediate families.

27.     **Numerosity**:  The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.  While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  Plaintiff believes and therefore avers that there are thousands of Class members throughout the United States.

28.     **Commonality**:  There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members.  These common questions include, but are not limited to following:

(a)     Whether Defendants sold pet food and pet food products that were recalled or subject to a recall.

(b)     Whether Defendants advertised, represented, or held itself out as producing or manufacturing a pet food product that was safe for pets of the class members.

(c)     Whether Defendants expressly warranted these products.

(d)     Whether Defendants impliedly warranted these products for fitness for a particular purpose.

(e)     Whether Defendants impliedly warranted these products for merchantability.

(f)     Whether Defendants purported to disclaim any express warranty.

(g)     Whether Defendants purported to disclaim any implied warranty.

(h)     Whether any limitation on warranty fails to meet its essential purpose.

  (i) Whether Defendants intended that their products be purchased by Plaintiff, Class members, or others.

  (j) Whether Defendants intended, foresaw or could have foreseen that Plaintiff, class members, or others would feed the defective products to their pets.

  (k) Whether Defendants recalled the pet food products.

  (l) Whether Defendants were negligent in manufacturing or processing the defective products.

  (m) Whether using the products as intended – to feed their cats and/or dogs – resulted in loss, injury, damage, or damages to the Class.

  (n) Whether Defendants' negligence proximately caused loss or injury.

  (o) Whether Class members suffered direct losses or damages.

  (p) Whether Class members suffered indirect losses or damages.

 29. **Typicality**: Plaintiffs claims are typical of the claims of the other members of the Class in that all such claims arise out of Defendants' conduct in manufacturing, producing and entering into the stream of commerce defective pet food and pet food products, Defendants' conduct surrounding the recall of its product, and Plaintiff s and Class Members' purchase and use of Defendants' products. Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiffs claims and those of the Class.

 30. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiffs claims are coextensive with, and not antagonistic to, the claims of the other members of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

31.     Plaintiff brings this action under Rule 23(b)(3) because common questions of law and fact predominate over questions of law and fact affecting individual members of the Class. Indeed, the predominant issue in this action is whether Defendants' pet food and pet food products are defective and have caused damages to Plaintiff and the members of the Class. In addition, the expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy. Certification under Rule 23(b)(3) is appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiff envisions no unusual difficulty in the management of this action as a class action.

32.     Prosecuting separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for defendants or any other party who opposes.

33.     Plaintiff requests this Court to certify this Class in accordance with Rule 23 and the Class Action Fairness Act of 2005.

## JURY DEMAND

34.     Plaintiff and the Class demand a jury trial on all issues triable by a jury.

## FIRST CAUSE OF ACTION
### (Breach of Implied Warranty)

35.     Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if fully set forth herein.

36.     Defendants manufactured, marketed, sold and distributed the defective products.

37.     At the time that Defendants marketed, sold, and distributed the defective products, Defendants knew of the purpose for which the products were intended and impliedly warranted that the products were of merchantable quality and safe and fit fur such use.

38. Plaintiff reasonably relied upon the skill, superior knowledge and judgment of the Defendants as to whether the products were of merchantable quality and safe and fit for its intended use.

39. Due to Defendants' wrongful conduct as alleged herein, Plaintiff could not have known about the risks and side effects associated with the products until after ingestion by Plaintiff's cats. Contrary to such implied warranty, the products were not of merchantable quality and were not safe or fit for their intended use.

40. As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff suffered damages as alleged herein.

### SECOND CAUSE OF ACTION
### (Breach Of Express Warranty)

41. Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if set forth fully herein.

42. Defendants expressly warranted that the products were safe for consumption by pets.

43. The products did not conform to these express representations because the products are not safe and cause serious side effects in pets, including death.

44. As a direct and proximate result of the breach of said warranties, and as the direct and legal result of the defective condition of the products as manufactured and/or supplied by Defendants, and other wrongdoing of Defendants described herein, Plaintiff was caused to suffer damages.

### THIRD CAUSE OF ACTION
### (Negligence)

45. Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if more fully set forth herein.

- 11 -

46. Defendants owed Plaintiff a duty to only offer safe, non-contaminated products for consumption by household pets.

47. Through its failure to exercise the due care, Defendants breached this duty by producing, processing, manufacturing, and offering for sale the products in a defective condition that was unhealthy to the Plaintiff's pets.

48. Additionally, Defendants breached their duty of care to Plaintiff by failing to use sufficient quality control, perform adequate testing, proper manufacturing, production, or processing, and failing to take sufficient measures to prevent the products from being offered for sale, sold, or fed to pets.

49. Defendants knew or, in the exercise of reasonable care should have known, that the products presented an unacceptable risk to the pets of the Plaintiff, and would result in damage that was foreseeable and reasonably avoidable.

50. As a direct and proximate result of Defendants' above-referenced negligence, Plaintiff and has suffered loss and damages.

**FOURTH CAUSE OF ACTION**
**(Strict Product Liability)**

51. Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if more fully set forth herein.

52. Defendants are the producer, manufacturer and/or distributor of the aforementioned products. The products produced, manufactured and/or distributed by Defendants were defective in design or formulation in that, when the products left the hands of the Defendants, the foreseeable risks exceeded the benefits associated with the design or formulation.

53. Defendants' defective products were expected to and did reach the Plaintiff without substantial change in condition.

54. Alternatively, the products manufactured and/or supplied by Defendants were defective in design or formulation, in that, when they left the hands of the Defendants, they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and more dangerous than other pet food products without concomitant accurate information and warnings accompanying the product for the Plaintiff to rely upon.

55. The products produced, manufactured and/or distributed by Defendants were defective due to inadequate warning and/or inadequate testing and study, and inadequate reporting regarding the results of same.

56. The products produced, manufactured and/or distributed by Defendants were defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury from the defective products, Defendants failed to immediately provide adequate warnings to the Plaintiff and the public.

57. As the direct and legal result of the defective condition of the products as produced, manufactured and/or distributed by Defendants, and of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff suffered damages.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment)**

58. Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if more fully set forth herein.

59. As a direct, proximate, and foreseeable result of Defendants' acts and otherwise wrongful conduct, Plaintiff suffered damages. Defendants profited and benefited form the sale of the defective products, even as the defective products caused Plaintiff to incur damages.

60. Defendants have voluntarily accepted and retained these profits and benefits, derived from consumers, including Plaintiff, with full knowledge and awareness that, as a result of

- 13 -

Defendants' unconscionable wrongdoing, consumers, including Plaintiff, were not receiving products of the quality, nature, fitness, or value that had been represented by Defendants or that reasonable consumers expected. Plaintiff purchased pet food that she expected would be safe and healthy for her cats and instead has had to now endure the death of one of her beloved pets and the hospitalization of the other.

61. By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of the Plaintiff who is entitled to, and hereby seeks, the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a) For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Class;

(b) Awarding reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the Class;

(c) Awarding actual and consequential damages;

(d) Granting injunctive relief;

(e) For pre- and post-judgment interest to the Class, as allowed by law;

(f) For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

- 15 -

    (g)    Granting such other and further relief as is just and proper.

DATED: April 2, 2007　　　　　　　　　　　THE O'MARA LAW FIRM, P.C.
　　　　　　　　　　　　　　　　　　　　　　WILLIAM M. O'MARA
　　　　　　　　　　　　　　　　　　　　　　BRIAN O. O'MARA
　　　　　　　　　　　　　　　　　　　　　　DAVID C. O'MARA


　　　　　　　　　　　　　　　　　　　　　　　　/s/ Brian O. O'Mara
　　　　　　　　　　　　　　　　　　　　　　　　BRIAN O. O'MARA

311 East Liberty Street
Telephone: 775-323-1321
775-323-4082 (fax)

Attorneys for Plaintiff Marion Streczyn