

## BEFORE THE JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

In re:

PET FOOD PRODUCT LIABILITY
LITIGATION

MDL Docket No. 1850

## MOVANT SEXTON'S FIRST NOTICE
## OF POTENTIAL TAG-ALONG ACTIONS

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

[Additional Counsel Listed on Signature Page]

Attorneys for Individual and Representative
Plaintiff, *Shirley Sexton*

Dockets.Justia.com

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

1.      Please take notice that on March 26, 2007, Shirley Sexton, plaintiff in the action

entitled *Shirley Sexton v. Menu Foods Income Fund, Menu Foods, Inc., a New Jersey*

*Corporation, and Menu Foods Midwest Corporation, a Delaware corporation*, Civil

Action No. 07-cv-01958-GHK (AJWx) ("Movant") filed a petition under 28 U.S.C.

Section 1407 seeking transfer and coordination of the following cases:

#### United States District Court Central District of California

Shirley Sexton v. Menu Foods Income Fund; Menu Foods, Inc., a New Jersey
Corporation; and Menu Foods Midwest Corporation, a Delaware corporation
Case No. 07-CV-01958-GHK-AJW; The Honorable George H. King

#### United States District Court Eastern District of Tennessee

Lizajean Holt v. Menu Foods, Inc.
Case No. 07-CV-00094-TWP; The Honorable Judge Thomas W. Phillips

#### United States District Court Western District of Arkansas

Charles Ray Sims and Pamela Sims v. Menu Foods Income Fund; Menu Foods
Midwest Corporation; Menu Foods South Dakota Inc.; Menu Foods, Inc.; Menu
Foods Holdings, Inc.
Case No. 07-CV-05053-JLH; The Honorable Judge Jim Larry Hendren

#### United States District Court Northern District of Illinois

Dawn Majerczyk v. Menu Foods, Inc., a New Jersey Corporation
Case No. 07-CV-01543-WRA; The Honorable Wayne R. Anderson

#### United States District Court Western District of Washington

Tom Whaley v. Menu Foods, Inc., a foreign corporation; The Iams Company, a
foreign corporation; Dog Food Producers Numbers 1-50; and Cat Food Producers
1-40
Case No. 07-CV-00411-RSM; The Honorable Richardo S. Martinez

#### United States District Court District of New Jersey

Jared Workman, and Mark and Mona Cohen v. Menu Foods Limited; Menu
Foods, Inc.; and Menu Foods Midwest Corporation
Case No. 07-CV-01338-NLH; The Honorable Judge Noel L. Hillman

Movant Sexton's First Notice of Potential Tag-Along Actions

2.   The Movant is aware that the following potential tag-along actions have

been filed:

### United States District Court Central District of California

Dawn Howe v. Menu Foods, Ltd., Menu Foods, Inc.; Menu Foods Midwest
Corp.; Menu Foods Income Fund; Menu Foods South Dakota, Inc.; Menu Foods
Holdings, Inc.; and Menu Foods Operating Trust
Case No. 07-CV-0260-SJO-PLA; The Honorable Judge S. James Otero

### United States District Court Northern District of California

Sherry Ingles v. Menu Foods, Inc.; Menu Foods Income Fund; Menu Foods a
Midwest Corporation; and Menu Foods South Dakota Inc.
Case No. 3:07-CV-01809-MMC; The Honorable Maxine M. Chesney

### United States District Court Western District of Arkansas

Richard Scott and Barbara Widen v. Menu Foods; Menu Foods Income Fund;
Menu Foods Gen Par Limited; Menu Foods Limited Partnership; Menu Foods
Operating Partnership; Menu Foods Midwest Corporation; Menu Foods South
Dakota; Menu Foods, Inc.; Menu Foods Holdings, Inc.; Wal-Mart Stores, Inc.
Case No. 5:07-CV-05055-RTD; The Honorable Judge Robert T. Dawson

### United States District Court Western District of Washington

Suzanne E. Johnson and Craig R. Klemann v. Menu Foods, a foreign corporation
Case No. 2:07-CV-00455-JCC ; The Honorable Judge John C. Coughenour

Stacey Heller; Toinette Robinson; David Rapp; Cecily Mitchell; and Terrence
Mitchell v. Menu Foods, a foreign corporation
Case No. 2:07-CV-00453-JCC; The Honorable Judge John C. Coughenour

Audrey Kornelius and Barbara Smith v. Menu Foods, a foreign corporation
Case No. 2:07-CV-00454-MJP; The Honorable Judge Marsha J. Pechman

Michele Suggett and Don James v. Menu Foods, a foreign corporation; Iams
Company, a foreign corporation; Eukanuba, a foreign corporation,
Dog Food Producers Numbers 1-100; Cat Food Producers 1-100; Does 1-100
Case No. 2:07-CV-00457-RSM; The Honorable Ricardo S. Martinez

**United States District Court District of New Jersey**

Larry Wilson v. Menu Foods Income Fund; Menu Foods, Inc., a New Jersey Corporation; Menu Foods Holdings, Inc.; and Menu Foods Midwest Corporation, a Delaware Corporation
Case No. 1:07-CV-01456-NLH-AMD; The Honorable Judge Noel L. Hillman

Suzanne Thomson and Robert Trautmann v. Menu Foods Income Fund (An unincorporated entity organized under the laws of the Province of Ontario, Canada); Menu Foods, Inc. (A corporation organized under the laws of the State of New Jersey); John Does 1-100 (Fictitious names for the person(s) and/or entities responsible for the damages complained of by the Plaintiffs herein)
Case No. 2:07-cv-01360-PGS-RJH; The Honorable Judge Peter G. Sheridan

Linda Tinker v. Menu Foods, Inc.
Case No. 1:07-CV-01468-NLH-AMD; The Honorable Judge Noel L. Hillman

Paul Richard and Jennifer Richard (husband and wife) and Charles Kohler and Alicia Kohler (husband and wife) v. Menu Foods Income Fund, a Canadian open-ended trust; Menu Foods, Ltd., a Canadian corporation; Menu Foods Holdings, Inc., a Delaware corporation; Menu Foods, Inc., a New Jersey corporation; Menu Foods Midwest Corporation, a Delaware corporation; Menu Foods South Dakota, Inc., a Delaware corporation; ABC Partnerships; XYZ Corporations
Case No. 1:07-CV-01457-NLH-AMD; The Honorable Judge Noel L. Hillman

Janice Bonier; Guy Britton; and Tammy Matthews v. Menu Foods, Inc.; Menu Foods Income Fund; and Menu Foods Midwest Corp.
Case No. 1:07-CV-01477-NLH-AMD; The Honorable Judge Noel L. Hillman

Alexander Nunez v. Menu Foods, Ltd.; Menu Foods, Inc.; Menu Foods Midwest Corp.; Menu Foods Income Fund; Menu Foods South Dakota, Inc.; and Menu Foods Holdings, Inc.
Case No. 1:07-CV-01490-NLH-AMD; The Honorable Judge Noel L. Hillman

Julie Hidalgo v. Menu Foods Inc.; Menu Foods Income Fund; Menu Foods Midwest Corporation; and Menu Foods South Dakota, Inc.
Case No. 1:07-CV-01488-NLH-AMD; The Honorable Judge Noel L. Hillman

Troy Gagliardi v. Menu Foods Inc.; Menu Foods Income Fund; Menu Foods Midwest Corporation; and Menu Foods South Dakota, Inc.
Case No. 1:07-CV-01522-NLH-AMD; The Honorable Judge Noel L. Hillman

**United States District Court Southern District of Florida**

Christina Troiano v. Menu Foods, Inc., Menu Foods Income Fund
Case No. 0:07-CV-60428-JIC; The Honorable Judge James I. Cohn

**United States District Court District of Rhode Island**

Carol Brown v. Menu Foods, Inc.; Menu Foods Income Fund; Menu Foods Midwest Corp.; and Menu Foods South Dakota, Inc.
Case No. 1:07-CV-00115-ML-LDA; The Honorable Judge Mary M. Lisi

**United States District Court District of Connecticut**

Lauri A. Osborne v. Menu Foods, Inc.
Case No. 3:07-CV-00469-RNC; The Honorable Judge Robert N. Chatigny

**United States District Court Western District of Wisconsin**

Jacqueline Johnson v. The Proctor & Gamble Co.; Menu Foods, Inc.; Menu Foods Income Fund; The Iams Company
Case No. 07-C-0159-C; The Honorable Judge Barbara B. Crabb

**United States District Court District of Maine**

Mara Brazilian v. Menu Foods Income Fund, a Canadian Corporation with its principal place of business in Ontario, Canada; Menu Foods, Ltd., a Canadian corporation with its principal place of business in Ontario, Canada; Menu Foods, Inc., a New Jersey corporation with its principal place of business in Pennsauken, New Jersey and a wholly owned subsidiary of Menu Foods, Ltd.; Menu Foods Midwest Corp., a Delaware Corporation with its principle place of business in Emporia, Kansas and a wholly owned subsidiary of Menu Foods Ltd.; and The Iams Company, an Ohio Corporation with its principal place of business in Dayton, Ohio
Case No. 2:07-CV-00054-GZS; The Honorable Judge George Z. Singal

**United States District Court District of Nevada**

Marion Streczyn v. Menu Foods Income Fund, a foreign corporation; Menu Foods Inc., a New Jersey corporation; and Does I-X, inclusive
Case No. 3:07-CV-00159-LRH-VPC; The Honorable Larry R. Hicks

3.    These actions arise from the same facts and assert similar claims as the pending actions that are the subject of Movant's petition and should, therefore, be designated as a Tag-Along Actions pursuant to Panel Rule 7.5. True and correct copies of the complaints in the *Howe, Ingles, Widen, Johnson, Heller, Kornelius, Suggett, Wilson, Thomson, Tinker, Richard, Bonier, Nunez, Hidalgo, Gagliardi, Troiano, Brown, Osborne, Johnson,*

*Brazilian*, and *Streczyn* actions are attached hereto as Exhibits A through U, respectively.

Dated: April 5, 2007      **WEXLER TORISEVA WALLACE LLP**

By: _____
       MARK J. TAMBLYN

       1610 Arden Way, Suite 290
       Sacramento, California 95815
       Telephone: (916) 568-1100
       Facsimile: (916) 568-7890

       Kenneth A. Wexler
       **WEXLER TORISEVA WALLACE LLP**
       One North LaSalle Street, Suite 2000
       Chicago, Illinois 60602
       Telephone: (312) 346-2222
       Facsimile: (312) 346-0022

       Stuart C. Talley
       **KERSHAW, CUTTER & RATINOFF, LLP**
       980 9th Street, 19th Floor
       Sacramento, California 95814
       Telephone: (916) 448-9800
       Facsimile: (916) 669-4499

       Attorneys for *Plaintiff/Petitioner*

Movant Sexton's First Notice of Potential Tag-Along Actions

# EXHIBIT A

1  MILBERG WEISS & BERSHAD LLP
   JEFF S. WESTERMAN (SBN 94559)
2  SABRINA S. KIM (SBN 186242)
   One California Plaza
3  300 South Grand Ave., Suite 3900
   Los Angeles, CA 90071
4  Telephone: (213) 617-1200
   Facsimile:  (213) 617-1975
5  Email: jwesterman@milbergweiss.com
   skim@milbergweiss.com
6

7  Attorneys for Plaintiffs

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12             WESTERN DIVISION  CV07-0206 0 SJO(PLAx)

13 Dawn Howe, on behalf of herself and all )  CASE NO.
   others similarly situated,              )
14                                         )  **CLASS ACTION COMPLAINT**
                   Plaintiff               )
15                                         )
          v.                               )
16                                         )
   MENU FOODS LIMITED; MENU               )
17 FOODS INC.; MENU FOODS                 )
   MIDWEST CORPORATION; MENU              )
18 FOODS INCOME FUND; MENU                )
   FOODS SOUTH DAKOTA, INC.; and          )  **DEMAND FOR JURY TRIAL**
19 MENU FOODS HOLDINGS, INC.,             )
   and Menu foods operating trust          )
20                   Defendants.           )

21

22

23

24

25

26

27

28

DOCS\395912v1

1     Plaintiff Dawn Howe ("Plaintiff"), individually and on behalf of all others
2   similarly situated, files this Class Action Complaint against Defendants Menu
3   Foods, Inc., a New Jersey Corporation, Menu Foods Income Fund, a foreign
4   corporation, and its affiliated entities (collectively "Defendants"). Plaintiff alleges
5   the following based on personal knowledge with respect to her own experiences,
6   and otherwise based on information and belief.

7                          **INTRODUCTION**

8     1.    This is a nationwide class action lawsuit brought on behalf of Plaintiff
9   and others similarly situated who purchased contaminated pet food products
10  produced, manufactured, and/or distributed by Defendants that caused injury,
11  sickness, and/or death to Plaintiff's pets and those of other pet owners across the
12  nation (the "Products"). The Products were marketed and sold under various brand
13  names, including "Special Kitty" purchased by Plaintiff.

14    2.    Defendants are the nation's leading manufacturer of pet food sold by
15  retailers, pet specialty stores, and other wholesale and retail outlets including Wal-
16  Mart, Safeway, Petco, PetSmart Inc., and Kroger.

17    3.    Defendants developed, manufactured, marketed, advertised, and
18  warranted their Products as safe and fit for the ordinary purpose for which they
19  were used, *i.e.*, household pet consumption, free of defects. Defendants intended
20  to, and did, place the Products in the steam of commerce to be sold to Plaintiff and
21  other pet owners in California and throughout the United States.

22    4.    Defendants knew and have admitted that the Products are not only
23  defective but poisonous. On March 16, 2007, Defendants initiated a recall of 60
24  million cans and pouches of "cuts and gravy" style dog and cat food manufactured
25  between December 3, 2006 and March 6, 2007. The recall was limited to such
26  products manufactured at Defendants' New Jersey and Kansas facilities.

27

28

DOCS\358912v1

1      5.    On March 23, 2007, New York state health officials reported
2  laboratory tests of the Products found aminopterin (rat poison) at levels of at least
3  40 parts per million. The pet food samples were tested by the New York State
4  Animal Health Diagnostic Center at Cornell University and the New York State
5  Food Laboratory, which identified aminopterin as the toxic substance.

6      6.    As of March 24, 2007, Menu Foods' executives state they have no
7  idea how or when the rat poison got into their products at their plants in Kansas
8  and New Jersey.

9      7.    After 14 confirmed pet deaths from kidney failure, countless
10  additional cases of very sick animals with similar symptoms, soaring projections of
11  pet death and sickness in the thousands by veterinary professionals, over 4,000
12  consumer complaints and inquiries to the Food and Drug Administration (FDA),
13  and despite Defendants' own product testing last month that resulted in as many as
14  one in six animal deaths, Defendants continue to produce pet food at the two
15  contaminated plants.

16      8.    By at least February 20, 2007, almost a month before issuing its recall
17  on March 16, Defendants knew about complaints from pet owners reporting that
18  the food had made their pets sick. By February 27, Defendants started testing its
19  product on 40 to 50 animals. By March 6, Defendants identified a likely source of
20  contamination, *i.e.*, a new supplier of wheat gluten (an ingredient used to make
21  "gravy" for some of its pet-food brands). The company alerted the FDA of its test
22  results the week of March 12, and issued a product recall that Friday, March 16.
23  Thus, Defendants knew about the potential for widespread problems almost a
24  month before the recall on March 16. And by March 6, they knew their Products
25  were killing and sickening pets across the nation.

26      9.    Rather than timely warning the public about the suspected and later
27  confirmed dangers of the Products, Defendants delayed announcing the recall to
28

- 2 -

1  minimize the financial fallout from the contamination. Defendants had no choice
2  but to issue a recall on March 16, because by then, Defendants' biggest customer
3  (for which it contract manufacturers and which accounts for 11% of annual
4  revenue) had initiated its own recall of Defendants' Products.

5      10.   As a result of Defendants' negligent manufacture of the defective
6  Products and delay in warning affected pet food owners, Plaintiff and members of
7  the Class have unnecessarily suffered damages in the form of expensive veterinary
8  bills, loss of pets (and the cost of putting the animal to sleep and burial services),
9  and to the purchase price of the Products which they would have never bought had
10  they known they were defective.

11                              **PARTIES**

12      11.   Plaintiff is a resident of Paducah, Kentucky. Plaintiff purchased the
13  recalled "Special Kitty" Product and fed them to her cats, resulting in sickness
14  and/or death to her cats. Plaintiff brings this action, pursuant to Rule 23 of the
15  Federal Rules of Civil Procedure, on her own behalf and as a representative of a
16  class of persons consisting of all persons in the United States who purchased
17  and/or incurred damages (medical and other expenses) by using the Products made
18  and/or distributed by Defendants and later recalled.

19      12.   Defendant MENU FOODS INCOME FUND is an unincorporated
20  open-ended trust established under the laws of the Province of Ontario with its
21  principal place of business in Ontario, Canada. The Income Fund controls, directly
22  or indirectly, the other Defendants engaged in the manufacture and distribution of
23  pet food products, including the Products.

24      13.   Defendant MENU FOODS MIDWEST CORP. is a Delaware
25  corporation affiliated with the other Defendants and involved in their activities
26  relating to the Products.

27

28

DOCS\393912v1

1      14.   Defendant MENU FOODS SOUTH DAKOTA INC. is a Delaware
2  corporation is affiliated with the other Defendants and involved in their activities
3  relating to the Products.

4      15.   Defendant MENU FOODS HOLDINGS, INC. is a Delaware
5  corporation affiliated with the other Defendants and involved in their activities
6  relating to the Products.

7      16.   Defendant MENU FOODS, INC. is a New Jersey corporation
8  affiliated with the other Defendants and involved in their activities relating to the
9  Products.

10     17.   Defendant MENU FOODS LIMITED manufactures and sells wet pet
11  food products to retail customers and brand owners in North America. MFL owns
12  the Kansas and New Jersey manufacturing plants that produced the Products now
13  subject to recall. It is affiliated with the other Defendants and involved in their
14  activities relating to the Products.

15     18.   DOES 1-100 are individuals and entities, the relationship of which to
16  the specifically named defendants is such as to justify disregarding the
17  separateness of those entities for purposes of liability, whether by piercing of the
18  corporate veil or by actual or apparent authority of each to act on behalf of one
19  another or because of a conspiracy between them to do the things herein alleged.
20  All defendants, including DOE defendants are agents for each other, or otherwise
21  directly or vicariously responsible for their actions, either by agreement or by
22  operation of law, including, inter alia, the laws applicable to general partnerships,
23  piercing of the corporate veil, actual or apparent agency, and conspiracy.

24     19.   The true names and capacities of Defendants sued as DOES 1-100,
25  inclusive, are currently unknown to Plaintiffs. Each of the Defendants designated
26  herein as a DOE is legally responsible in some manner for the unlawful acts
27  referred to herein. Some or all DOE defendants are controlled by, control, or have
28

1  a common nucleus of control with one or more specifically named defendants in
2  such a manner as to justify disregarding the separateness of said entities or
3  individuals from one another. Some or all DOE defendants are entities or
4  individuals, who function as the agents or co-conspirators of specifically named
5  defendants, and other defendants, including  DOE defendants, facilitating the
6  ability of one another to perpetrate the wrongs alleged in herein. Plaintiff will seek
7  leave of Court to amend this Complaint to reflect the true names and capacities of
8  the Defendants designated as DOES when such identities and the true connection
9  of them to this case become known.

10  ## JURISDICTION AND VENUE

11  20.    The Court has original jurisdiction over this complaint pursuant to 28
12  U.S.C. §1332(d) and the Class Action Fairness Act of 2005, Publ. L. 109-2 (Feb.
13  18, 2005); and over supplemental state law claims pursuant to 28 U.S.C. § 1367.

14  21.    Venue is proper in this district under, *inter alia*, 28 U.S.C. §§1391
15  and/or Pub. L. 109-2.  Defendants made or caused the Products to be offered for
16  sale and sold to the public, in this district in California.

17  ## CLASS ACTION ALLEGATIONS

18  22.    Plaintiff brings this action on her own behalf and as a Class action
19  pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the
20  following proposed class:

21
22  All persons in the United States who purchased, or incurred damages
    by using, pet food produced or manufactured by Defendants that was
23  or will be recalled by Defendants, including that produced from
    December 3, 2006 up to and including March 6, 2007.

24  Upon completion of discovery with respect to the scope of the Class, Plaintiff
25  reserves the right to amend the class definition.  Excluded from the Class are
26  Defendants, their parents, subsidiaries and affiliates, directors and officers, and
27  members of their immediate families. Also excluded from the Class are the court,
28
- 5 -

1   the Court's spouse, all person within the third degree of relationship to the Court

2   and its spouse, and the spouses of all such persons.

3      23.   The Class is composed of thousands of persons throughout the

4   country, and is sufficiently numerous for class treatment. The joinder of all Class

5   members individually in one action would be impracticable, and the disposition of

6   their claims in a class action will provide substantial benefits to the parties and the

7   Court.

8      24.   Plaintiff's claims are typical of the claims of the Class, and Plaintiffs

9   has no interests adverse to the interests of other members of the Class.

10      25.   This dispute raises questions of law and fact that are common to all

11   Class members. Those common questions predominate over questions that arise

12   on an individual basis for Class members. The common questions of law and fact

13   include, without limitation:

14      (a)   Whether Defendants violated California Business &

15   Professions Code §17200, *et seq.* and §17500, *et seq.*;

16      (b)   Whether Defendants' representations, omissions, and conduct

17   regarding the Products were misleading or false;

18      (c)   Whether Defendants' representations and conduct were likely

19   to deceive consumers into believing that the Products were safe for the purpose for

20   which they were sold;

21      (d)   When Defendants knew or should have known the Products

22   were poisoning animals;

23      (e)   Whether Defendants refused to disclose the problems with the

24   Products after it knew of their propensity to harm pets;

25      (f)   Whether the propensity of the Products to harm pets constitutes

26   a manufacturing or design defect;

27

28

- 6 -

1    (g)    Whether Defendants' conduct constitutes a breach of
2  warranties;

3    (h)    Whether Defendants' conduct constitutes a breach of contract;

4    (i)    Whether members of the Class have been injured by
5  Defendants conduct;

6    (j)    Whether members of the Class have sustained damages and are
7  entitled to restitution as a result of Defendants wrongdoing and, if so, what is the
8  proper measure and appropriate formula to be applied in determining such
9  damages and restitution, the availability of emotional distress and medical
10  monitoring damages; and

11    (k)    Whether members of the Class are entitled to injunctive relief.

12    26.    Plaintiff will fairly and adequately protect the interests of the Class
13  and have retained counsel experienced and competent in the prosecution of class
14  action litigation.

15    27.    A class action is superior to other methods for the fair and efficient
16  adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual
17  difficulties are likely to be encountered in the management of this class action.

18    28.    A class action will permit a large number of similarly situated persons
19  to prosecute their common claims in a single forum simultaneously, efficiently,
20  and without the duplication of effort and expense that numerous individual actions
21  would engender. Class treatment also will permit the adjudication of relatively
22  small claims by many Class members who could not otherwise afford to seek legal
23  redress for the wrongs complained of herein. If a Class or general public action is
24  not permitted, many Class members will likely receive no remedy for damages
25  suffered as a result of Menu Food's misconduct.

26
27
28

- 7 -

DOCS\318912v1

29.   Defendants have acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## FACTS

30.   Defendants hold themselves out to the public as a manufacturer of safe, nutritious, and high-quality dog and cat food.  Indeed, it claims that it is "the leading North American private-label/contract manufacturer of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty retailers and other retail and wholesale outlets."  However, on March 23, the New York State Agriculture Commissioner and Cornell University's College of Veterinary Medicine announced that scientists at the New York State Food Laboratory discovered aminopterin -- a substance fatal to dogs and cats (and commonly used as rat poison in many countries) -- was present in samples of Defendants products. The tests were conducted, because dogs and cats have been dying all over the country after consuming Defendants' pet food.

31.   One week earlier, on March 16, 2007, Defendants announced a recall of the Products, which included approximately 42 brands of "cuts and gravy" style dog food and 51 brands of "cuts and gravy" style cat food, all produced at Defendants' facilities in Emporia, Kansas and Pennsauken, New Jersey between December 3, 2006 and March 6, 2007.

32.   Defendants knew -- or should have known -- about the Product long before the public found out from the New York State Agriculture Commissioner what was going on:  Indeed, well before Defendants' March 16, 2007 recall announcement, Defendants received numerous complaints from around the country concerning sick and dead dogs and cats that ate the Products.  Indeed, Defendants had determined the likely source of the source of the contamination in the Products and ceased using that supplier at least 10 days earlier -- by March 6, 2007.

- 8 -

DOCS\398912v1

1    Defendants knew about problems no later than February 20, 2007, and were
2    conducting an internal investigation by February 27, 2007. Defendants were
3    thereby able to determine a particular new supplier of wheat gluten as the likely
4    source of the poison, and correct that issue before announcing the recall, thereby
5    limiting the temporal scope of the recall. After March 6, 2007, Defendants
6    continued to maintain their silence, as they -- according to their own later
7    announcement -- conducted a "substantial battery of technical tests, conducted by
8    both internal and external specialists."

9        33.    Defendants still did not announce a recall or inform the public about
10   the Products until its largest institutional customer, which accounted for
11   approximately 11% of Menu Food's revenue, indicated that it would initiate its
12   *own* recall of Defendants' products, and place all of its future Menu Food orders
13   on "hold." Faced with having one of its customers announce a recall, Defendants
14   finally made its own announcement on March 16, 2007.

15       34.    Defendants' delay in disclosing vital information concerning the
16   Products is in direct contrast to its own published Code of Ethical Conduct
17   ("Code") which touts that it is "committed to full and honest communications with
18   [its] customers about [its] products and services." Defendants have further
19   acknowledged in its Code that, as a pet food company, its customers have "trust in
20   us" and that "their trust in us must be justified" (e.g., by avoiding "promises that
21   Menu [Foods] cannot keep").

22       35.    Defendants, directly, or through agents, ostensible agents and / or co-
23   conspirators, by selling the Products as pet food, have implicitly and explicitly
24   represented that the Products are fit for consumption by pets, and will not result in
25   the death and serious illness of the pets that consume the purported food.

26       36.    Defendants have also made representations, including on product
27   labeling and otherwise in print materials and in other marketing and promotional
28

- 9 -

1   materials, concerning the quality of the Products, including explicit and implicit
2   representations that the Products are suitable for consumption by pets. Defendants
3   ultimately make billions of dollars in revenue a year from companies who sell
4   Menu Foods at the retail level -- accordingly, Defendants keep themselves apprised
5   of the advertising, promotions, marketing and claims that are made on behalf of
6   Menu Food's products. On information and belief, Defendants coordinate with the
7   companies who brand the product at the retail level, concerning the claims made
8   about the quality of Defendants product, including the Products.

9       37.   Plaintiff Dawn Howe purchased the Products and fed them to her four
10  pet cats, never suspecting that it contained aminopterin. Aminopterin is a deadly
11  poison that is foreign to pet food, does not naturally occur within it, and would not
12  be expected by any reasonable person to be present in pet food. One of Howe's
13  cats died from kidney failure as a result of the aminopterin in the Product. Howe
14  took her remaining three to the vet for a panel of blood tests, only to learn that two
15  of her surviving cats have also been affected, although not terminally. Aside from
16  emotional trauma, Ms. Howe has also incurred out-of-pocket costs in connection
17  with the care of her cats, and will continue to do so, as a result of Defendants'
18  Product.

19                      **FIRST CAUSE ACTION**
                     **STRICT PRODUCTS LIABILITY**
20

21      38.   Plaintiff hereby incorporates all other allegations in the Complaint
22  into this Cause of Action, except such allegations as may be inconsistent herewith
23  (which are plead in the alternative). Plaintiff alleges this cause of action on behalf
24  of herself and all others similarly situated.

25      39.   Defendants are strictly liable for supplying a product that is either
26  defective in its manufacture by virtue of the introduction of aminopterin into the
27  Product while under Menu Food's control or, alternatively, defective in its design,

28

- 10 -

DOCS\998912v

1  by virtue of the lack of safeguards necessary to ensure that aminopterin or similar

2  toxins are not introduced into its pet food while under Menu Food's control.

3      40.   Defendants are also strictly liable for failure to warn the public of the

4  known dangers and reasonably foreseeable harm that could result from use of the

5  Product.

6      41.   Plaintiff, as a pet owner, is a reasonably foreseeable user of the

7  Product, and purchased and used the product in a foreseeable manner, that is,

8  Plaintiff fed pets with the Product.  Plaintiff has been damaged, and has suffered

9  losses including the loss of a pet, the expenditure of money for medical care and

10  monitoring of pets, severe emotional distress, and the money spent on the Product

11  itself.

12  **SECOND CAUSE OF ACTION**
**NEGLIGENCE**

13

14      42.   Plaintiff hereby incorporates all other allegations in the Complaint

15  into this Cause of Action, except such allegations as may be inconsistent herewith

16  (which are plead in the alternative).  Plaintiff alleges this cause of action on behalf

17  of herself and all others similarly situated.

18      43.   Defendants owed a duty to Plaintiff to ensure that its pet foods were

19  not poisonous to pets in the manner of the Products.

20      44.   Additionally, Defendants breached their duty of care to Plaintiff by

21  failing to use sufficient quality control, perform adequate testing, proper

22  manufacturing, production, or processing, and failing to take sufficient measure to

23  prevent the Products from being offered for sale, sold, or fed to pets.

24      45.   *Res ipsa loquitur* applies because Defendants had exclusive control of

25  the relevant instrumentalities, including the Product and manufacturing facilities,

26  and rat poison would not normally be present, absent negligence.

27

28

- 11 -

DOCS:398912.v1

46.    Menu Food's breaches of duty were the actual and proximate cause of damage to Plaintiff, including the loss of a pet, the expenditure of money for medical care and monitoring of pets, severe emotional distress, and the money spent on the Product itself.

### THIRD CAUSE OF ACTION
### BREACH OF WARRANTY

47.    Plaintiff hereby incorporates all other allegations in the Complaint into this Cause of Action, except such allegations as may be inconsistent herewith (which are plead in the alternative).  Plaintiff alleges this cause of action on behalf of herself and all others similarly situated.

48.    Defendants, by calling its product "food" and making other similarly enticing representations as set forth more fully, above, impliedly and / or expressly warranted that the Products were ingestible and would not sicken and kill the dogs and cats that ate them. Menu foods also warranted thereby, that its products were fit for the particular purpose of nourishing pets without sickening and killing said pets.

49.    Defendants breached these warranties by virtue of the facts set forth in the body of the Complaint, and Plaintiff was damaged thereby, including the loss of a pet, the expenditure of money for medical care and monitoring of pets, severe emotional distress, and the money spent on the Product itself.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

50.    Plaintiff hereby incorporates all other allegations in the Complaint into this Cause of Action, except such allegations as may be inconsistent herewith (which are plead in the alternative).  Plaintiff alleges this cause of action on behalf of herself and all others similarly situated.

- 12 -

1    51.    The facts as set forth above also constitute the formation and breach

2 of a contract between Plaintiff and Defendants.    Alternatively, Plaintiff was

3 necessarily the third party beneficiary of a contract between Defendants and

4 intermediaries from whom Plaintiff purchased the Products. Plaintiff was damaged

5 by Defendants' breaches, as previously set forth.

6                              **FIFTH CAUSE OF ACTION**
                **FALSE ADVERTISING (Business and Professions Code § 17500)**
7

8    52.    Plaintiff hereby incorporates all other allegations in the Complaint

9 into this Cause of Action, except such allegations as may be inconsistent herewith

10 (which are plead in the alternative).  Plaintiff alleges this cause of action on behalf

11 of herself and all others similarly situated.

12    53.    California Business & Professions Code §17500 prohibits various

13 deceptive practices in connection with the dissemination in any manner of

14 representations for the purpose of inducing, or which are likely to induce, directly

15 or indirectly, customers to purchase consumer products such as the Products here

16 at issue.

17    54.    Defendants acts, practices, misrepresentations and omissions as

18 alleged herein were intended to, and did, induce the consuming public to purchase

19 the Products, and violated and continue to violate Business & Professions Code

20 §17500, in that the Products did not conform to Defendants misrepresentations.

21    55.    As a result of the foregoing, Plaintiff's entitled to injunctive and

22 equitable relief, restitution, and an order requiring disgorgement of Menu Food's

23 ill gotten gains.

24                              **SIXTH CAUSE OF ACTION**
            **UNFAIR BUSINESS PRACTICES (Business and Professions Code § 17200)**
25

26    56.    Plaintiff hereby incorporates all other allegations in the Complaint

27 into this Cause of Action, except such allegations as may be inconsistent herewith

28
                                    - 13 -
DOCS\98912v1

1  (which are plead in the alternative).  Plaintiff alleges this cause of action on behalf

2  of herself and all others similarly situated.

3      57.    The acts as set forth above also constitute unfair and unlawful

4  business practices, and Plaintiff has suffered damage thereby, including out of

5  pocket loss and other pecuniary harm, as also set forth above.

6                            **PRAYER FOR RELIEF**

7      WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the

8  following relief:

9      A.    An order certifying the Class as defined above;

10     B.    An award of actual damages;

11     C.    Appropriate injunctive relief;

12     D.    Medical and other expenses;

13     E.    Reasonable attorneys' fees and costs; and

14     F.    Such further and other relief the Court deems appropriate.

15                            **JURY DEMAND**

16

17     Plaintiff requests trial by jury of all claims that can be so tried.

18  DATED:  March 28, 2007              MILBERG WEISS & BERSHAD LLP
19                                      JEFF S. WESTERMAN
                                        SABRINA S. KIM
20

21

22                                      ─────────────────────────
                                        SABRINA S. KIM
23
                                        One California Plaza
24                                      300 South Grand Ave., Suite 3900
                                        Los Angeles, CA 90071
25                                      Telephone: (213) 617-1200
                                        Facsimile:  (213) 617-1975
26                                      Email: jwesterman@milbergweiss.com
                                        skim@milbergweiss.com
27
                                        Attorneys for Plaintiff
28

                                    - 14 -

# EXHIBIT B

1  LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
2  SHAWN A. WILLIAMS (213113)
   100 Pine Street, Suite 2600
3  San Francisco, CA 94111
   Telephone: 415/288-4545
4  415/288-4534 (fax)
   shawnw@lerachlaw.com
5
   LERACH COUGHLIN STOIA GELLER
6  RUDMAN & ROBBINS LLP
   PAUL J. GELLER
7  pgeller@lerachlaw.com
   STUART A. DAVIDSON
8  sdavidson@lerachlaw.com
   JAMES L. DAVIDSON
9  jdavidson@lerachlaw.com
   120 East Palmetto Park Road, Suite 500
10 Boca Raton, FL 33432
   Telephone: 561/750-3000
11 561/750-3364 (fax)

12 Attorneys for Plaintiff and the Class

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15
   SHERRY INGLES, Individually and on Behalf   )   Case No.
16 of All Others Similarly Situated,           )
                                               )   CLASS ACTION COMPLAINT
17                           Plaintiff,         )
                                               )
18          vs.                                 )
                                               )
19 MENU FOODS, INC., MENU FOODS                )
   INCOME FUND, MENU FOODS MIDWEST             )
20 CORPORATION, and MENU FOODS                 )
   SOUTH DAKOTA INC.,                          )
21                                             )
                             Defendants.        )
22 _____)

23

24

25

26

27

28

1    Plaintiff Sherry Ingles, individually and on behalf of all others similarly situated, files this

2  Class Action Complaint against defendants Menu Foods, Inc., a New Jersey Corporation, Menu

3  Foods Income Fund, a foreign corporation, Menu Foods Midwest Corporation, a Delaware

4  corporation, and Menu Foods South Dakota Inc., a Delaware corporation, and alleges as follows:

5                                       **INTRODUCTION**

6    1.    This is a class action lawsuit brought on behalf of plaintiff and others similarly

7  situated who purchased pet food and pet food products produced, manufactured and/or distributed by

8  defendants that caused injury, illness, and/or death to their household pets.

9    2.    Defendants are the leading North American private label/contract manufacturer

10  of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty retailers,

11  and other wholesale and retail outlets, including Wal-Mart Stores, Inc., Safeway Inc., Kroger

12  Company, PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food

13
products to or for Procter & Gamble Company.  Defendants produce hundreds of millions of

14
containers of pet food annually.

15

16    3.    Defendants designed, manufactured, marketed, advertised and warranted their pet

17  food products.  In conjunction with each sale, defendants marketed, advertised and warranted that

18  the products were fit for the ordinary purpose for which such goods were used -- consumption by

19  household pets -- and were free from defects. Defendants produce the pet food products intending that

20
consumers will purchase the pet food products, regardless of brand or label name, place of purchase,

21
or the location where pets actually consume them.  The pet food products were intended to be placed

22  in the stream of commerce and distributed and offered for sale and sold to plaintiff and purchasers in

23
24  California and the United States and fed to their pets.

25    4.    Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil

26  Procedure, on her own behalf and as a representative of a class of persons consisting of all persons in

27
the United States who purchased, or incurred damages by using pet food produced manufactured

28

1  and/or distributed by defendants that was or will be recalled by defendants, including that produced

2  from December 3, 2006 up to and including March 6, 2007 (the "Class"). The pet food products

3  referenced in this paragraph will hereinafter be referred to as the "Products."

4      5.      As a result of the defective Products, plaintiff and members of the Class have suffered

5

6  damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or

7  own pet food and pet food products that they would not otherwise have bought had they known such

8  products were defective.

9      6.      Defendants know and have admitted that certain of the Products produced by

10  defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death

11  to household pets, and on March 16, 2007, initiated a recall of some of the Products. Further, the

12  Food and Drug Administration has reported that as many as one in six animals died in tests of the

13

14  Products by defendants last month after defendants received complaints the products were poisoning

15  pets around the country. A spokeswoman for the New York State Department of Agriculture and

16  Markets has said that rodent poison was determined to have been mixed into the Products by

17  defendants.

18                              **II.    PARTIES**

19      7.      Plaintiff is a resident of Alameda County, California, who, in February 2007,

20  purchased Priority Beef Slices in Gravy, UPC Code #2113041452, "Jan 11 10." The Priority dog

21  food purchased by plaintiff is a part of the group of Products that was produced, manufactured

22

23  and/or distributed by defendants.

24      8.      Defendant Menu Foods, Inc. is a New Jersey corporation with its principal place of

25  business in the State of New Jersey, specifically located at 9130 Griffith Morgan Lane, Pennsauken,

26  New Jersey 08110.

27

28

9.      Defendant Menu Foods, Inc. is ultimately owned or controlled by defendant Menu Foods Income Fund, an unincorporated company with its principal place of business in the Province of Ontario, Canada. Some of defendant Menu Foods, Inc.'s high managerial officers or agents with substantial authority are also high managerial officers or agents of defendant Menu Foods Income Fund.

10.     Defendant Menu Foods Midwest Corporation is a Delaware corporation, and upon information and belief, an affiliate or subsidiary of, and wholly owned and controlled by defendant Menu Foods Income Fund.

11.     Defendant Menu Foods South Dakota, Inc. is a Delaware corporation, and upon information and belief, an affiliate or subsidiary of, and wholly owned and controlled by defendant Menu Foods Income Fund.

12.     Plaintiff, individually and as representative of a Class of similarly situated persons as defined below, brings suit against the named defendants for offering for sale and selling to plaintiff and members of the Class the Products in a defective condition and thereby causing damages to plaintiff and members of the Class.

### III.    JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and subsection (d), and the Class Action Fairness Act of 2005, Pub. L. 109-2 (Feb. 18, 2005); and over supplemental state law claims pursuant to 28 U.S.C. §1367.

14.     Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391 and/or Pub. L. 109-2 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Thousands of consumers – including members of the Class – purchased the Products in this judicial district from retailers that defendants, their agents, affiliates, or others controlled or were in privity with. In turn, retailers or others sold the Products to the general public,

1  including plaintiff, and members of the Class. The Products were purchased for consumption by the

2  pets of plaintiff and the other members of the Class. Defendants made or caused these products to be

3  offered for sale and sold to the public, including plaintiff.

## IV.    SUBSTANTIVE ALLEGATIONS

### Defendants and Their Defective Pet Food

6     15.    Defendants are in the business of manufacturing, producing, distributing, and/or

selling pet food under various brands or labels, and/or for third-party firms, including: America's

Choice, Authority, Best Choice, Companion, Compliments, Demoulus Market Basket, Eukanuba,

10  Fire Feline Cat, Food Lion, Food Town, Giant Companion, Hannaford, Hill Country Fare, Hy-Vee,

11  Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Nutriplan, Nutro Max Gourmet

12  Classics, Nutro Natural Choice, Paws, Pet Pride, Preferred Pets, President's Choice, Priority, Sav-a-

13  Lot, Schnucks, Science Diet Feline Savory Cuts Cans, Sophsitacat, Special Kitty US, Springfield

14  Prize, Sprout, Total Pet, Wegmans, Western Family, White Rose, and Winn Dixie. Defendants has

15  manufactured or produced pet food for private labels for approximately 17 of the 20 leading retailers

17  in the United States.

18     16.    Defendants' business includes manufacturing, producing, distributing, or selling dog

19  food under various brands or labels, and/or for third-party firms, including: America's Choice,

20  Authority, Award, Best Choice, Big Bet, Big Red, Bloom, Bruiser, Cadillac, Companion, Demoulus

21  Market Basket, Eukanuba, Food Lion, Giant Companion, Great Choice, Hannaford, Hill Country

22  Fare, Hy-vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Mixables,

23  Nutriplan, Nutro Max, Nutro Ultra, Nutro, Ol'Roy US, Paws, Pet Essentials, Pet Pride - Good &

24  Meaty, Preferred Pets, President's Choice, Price Chopper, Priority, Publix, Roche Brothers, Sav-a-

26  Lot, Schnucks, Shep Dog, Sprout, Statler Bros, Total Pet, Western Family, White Rose, Winn Dixie,

27  and Your Pet.

28

17.    Defendants produce millions of pouches or containers of pet food products each year, a substantial portion of which are sold or offered for sale in California. Upon information and belief, defendants have sold, either directly or indirectly, thousands of units of defective pet food and pet food products nationwide and in the State of California.

18.    Defendants manufactured, marketed, advertised, warranted and sold, either directly or through their authorized distribution channels, the Products that caused plaintiff's damages. Plaintiff and members of the Class have been or will be forced to pay for damages caused by the defect in defendants' Products.

**Factual Allegations Related to Plaintiff**

19.    In January and February 2007, plaintiff purchased Priority Beef Slices in Gravy dog food from a national chain grocery store, Safeway, operating in Northern California.

20.    Plaintiff's dog was fed the dog food and became ill mid-February 2007, exhibiting numerous symptoms consistent with kidney failure.

21.    Plaintiff's dog was put to sleep on March 3, 2007.

22.    On or about March 16, 2007, defendants announced a recall of approximately 42 brands of "cuts and gravy style pet food," all produced by defendants "between December 3, 2006 and March 6, 2007." Defendants had initially received complaints from consumers as far back as February 20, 2007 indicating that certain of defendants' pet food was causing kidney failure and death in dogs and cats.

23.    Thereafter, plaintiff learned about the recall and the potential problems that could occur from feeding the Products to her pet. Prior to the recall, defendants never warned plaintiff or any other member of the Class that the Products would cause their pets to have health problems. As referenced above, defendants knew about the risks of injury or death at least one month prior to the time that plaintiff fed the Products to her dog.

1    24.    As a result of their purchases of the Products, as set forth above, plaintiff and other

2    members of the Class have suffered and will suffer damages, including consequential and incidental

3    damages, such as the loss and disability of their household pets, costs of purchasing the Products and

4    replacing them with a safe product, including sales tax or a similar tax, costs of making an additional

5    trip to a retail store to purchase safe, non-contaminated pet food, the price of postage to secure a

6    refund offered by defendants, the cost of veterinarians, treatment, medicines and the trip(s) to make

7    such visits for diagnosis and treatment, and otherwise.

8

9    V.    **CLASS ACTION ALLEGATIONS**

10    25.    Plaintiff brings this action on her own behalf and as a class action pursuant to Rule

11    23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following proposed class:

12    > All persons in the United States who purchased, or incurred damages by using, pet
> food produced, manufactured and/or distributed by defendants that was or will be
13    > recalled by defendants, including that produced from December 3, 2006 up to and
> including March 6, 2007.
14

15    Upon completion of discovery with respect to the scope of the Class, plaintiff reserves the right to

16    amend the class definition. Excluded from the Class are defendants, their parents, subsidiaries and

17    affiliates, directors and officers, and members of their immediate families. Also excluded from the

18    Class are the Court, the Court's spouse, all persons within the third degree of relationship to the

19    Court and its spouse, and the spouses of all such persons.[1]

20    26.    Numerosity: The members of the Class are so numerous and geographically diverse

21    that joinder of all of them is impracticable. While the exact number and identities of members of the

22    Class are unknown to plaintiff at this time and can only be ascertained through appropriate

23    discovery, plaintiffs believe and therefore aver that there are thousands of Class members throughout

24    the United States.

25

26    _____

27    [1]    See Canon 3.C(3)(a) of the Code of Conduct for United States Judges.

28

27.    <u>Commonality</u>: There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

      (a)    Whether defendants sold the Products that were recalled or subject to a recall;

      (b)    Whether defendants advertised, represented, or held themselves out as producing or manufacturing a pet food product that was safe for pets of the Class members;

      (c)    Whether defendants expressly warranted these products;

      (d)    Whether defendants purported to disclaim any express warranty;

      (e)    Whether defendants purported to disclaim any implied warranty;

      (f)    Whether any limitation on warranty fails to meet its essential purpose;

      (g)    Whether defendants intended that the Products be purchased by plaintiff, Class members, or others;

      (h)    Whether defendants intended or foresaw that plaintiff, Class members, or others would feed the Products to their pets;

      (i)    Whether defendants recalled the Products;

      (j)    Whether defendants was negligent in manufacturing or processing the Products;

      (k)    Whether using the Products as intended – to feed their pets – resulted in loss, injury, damage, or damages to the Class;

      (l)    Whether defendants' negligence proximately caused loss or injury to damages;

      (m)    Whether Class members suffered direct losses or damages; and

      (n)    Whether Class members suffered indirect losses or damages.

28.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other members of the Class in that all such claims arise out of defendants' conduct in manufacturing, producing and entering into the stream of commerce defective pet food and pet food products, defendants' conduct surrounding the recall of its product, and plaintiff's and Class members' purchase and use of defendants' products. Plaintiff and the other members of the Class seek identical remedies under

1  identical legal theories, and there is no antagonism or material factual variation between plaintiff's
2  claims and those of the Class.

3      29.    Adequacy:  Plaintiff will fairly and adequately protect the interests of the Class.
4  Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of
5  the Class.  Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and
6  plaintiff has retained competent counsel experienced in litigation of this nature.

7
8      30.    Plaintiff brings this action under Fed. R. Civ. P. 23(b)(3) because common questions
9  of law and fact (identified in ¶25 above) predominate over questions of law and fact affecting
10  individual members of the Class.  Indeed, the predominant issue in this action is whether defendants'
11  Products are defective and have caused damages to plaintiff and the members of the Class.  In
12  addition, the expense of litigating each Class member's claim individually would be so cost
13  prohibitive as to deny Class members a viable remedy.  Certification under Fed. R. Civ. P. 23(b)(3)
14  is appropriate because a class action is superior to the other available methods for the fair and
15  efficient adjudication of this action, and plaintiff envisions no unusual difficulty in the management
16  of this action as a class action.
17

18      31.    The undersigned counsel for plaintiff and the Class request that the Court appoint
19  them to serve as class counsel first on an interim basis and then on a permanent basis.  Undersigned
20  counsel will fairly and adequately represent the interests of the Class, have identified or investigated
21  the Class' potential claims, are experienced in handling class actions, other complex litigation, and
22  consumer claims of the type asserted in the action, know the applicable law, will commit sufficient
23  resources to represent the Class, and are best able to represent the Class.
24

25      32.    Plaintiff requests this Court to certify this Class in accordance with Fed. R. Civ. P. 23
26  and the Class Action Fairness Act of 2005.

27

28

1

## VI.    CAUSES OF ACTION

2

### FIRST CAUSE OF ACTION

3

### Breach of Implied Warranty

4    33.    Plaintiff hereby adopts and incorporates by reference ¶¶1-32 as if more fully set forth

5    herein.

6    34.    Defendants manufactured, marketed, sold and distributed the Products.

7    35.    At the time that defendants marketed, sold, and distributed the Products, defendants

8
knew of the purpose for which the Products were intended and impliedly warranted that the Products

9

10    were of merchantable quality and safe and fit for such use.

11    36.    Plaintiff reasonably relied upon the skill, superior knowledge and judgment of

12    defendants as to whether the Products were of merchantable quality and safe and fit for its intended

13
use.

14    37.    Due to defendants' wrongful conduct as alleged herein, plaintiff could not have

15
known about the risks and side effects associated with the Products until after ingestion by plaintiff's

16

17    dog.

18    38.    Contrary to such implied warranty, the Products were not of merchantable quality and

19    were not safe or fit for their intended use.

20    39.    As a direct and proximate result of defendants' breach of implied warranty, plaintiff

21    suffered damages as alleged herein.

22    WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief

23    and judgment against defendants as follows:

24    A.    For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P.

25    23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent

26    the Class;

27    B.    Awarding actual and consequential damages;

28

1    C.    Granting injunctive relief;

2    D.    For pre- and post-judgment interest to the Class, as allowed by law;

3    E.    For reasonable attorneys' fees and costs to counsel for the Class if and when

4    pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

5    F.    Granting such other and further relief as is just and proper.

6                              **SECOND CAUSE OF ACTION**

7                              **Breach of Express Warranty**

8    40.    Plaintiff hereby adopts and incorporates by reference ¶¶1-39 as if more fully set forth

9    herein.

10    41.    Defendants expressly warranted that the Products were safe for consumption by pets.

11    42.    The Products did not conform to these express representations because the Products

12    are not safe and cause serious side effects in pets, including death.

13

14    43.    As a direct and proximate result of the breach of said warranties, and as the direct and

15    legal result of the defective condition of the Products as manufactured and/or supplied by

16    defendants, and other wrongdoing of defendants described herein, plaintiff was caused to suffer

17    damages.

18    WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief

19    and judgment against defendants as follows:

20    A.    For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P.

21    23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent

22    the Class;

23    B.    Awarding actual and consequential damages;

24    C.    Granting injunctive relief;

25    D.    For pre- and post-judgment interest to the Class, as allowed by law;

26    E.    For reasonable attorneys' fees and costs to counsel for the Class if and when

27    pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

28

F.      Granting such other and further relief as is just and proper.

## THIRD CAUSE OF ACTION

### Negligence

44.     Plaintiff hereby adopts and incorporates by reference ¶¶1-43 as if more fully set forth herein.

45.     Defendants owed plaintiff a duty to only offer safe, non-contaminated products for consumption by household pets.

46.     Through their failure to exercise due care, defendants breached this duty by producing, processing, manufacturing, and offering for sale the Products in a defective condition that was unhealthy to plaintiff's pet.

47.     Additionally, defendants breached their duty of care to plaintiff by failing to use sufficient quality control, perform adequate testing, proper manufacturing, production, or processing, and failing to take sufficient measures to prevent the Products from being offered for sale, sold, or fed to pets.

48.     Defendants knew or, in the exercise of reasonable care should have known, that the Products presented an unacceptable risk to the pet of plaintiff, and would result in damage that was foreseeable and reasonably avoidable.

49.     As a direct and proximate result of defendants' above-referenced negligence, plaintiff and the Class have suffered loss and damages.

WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against defendants as follows:

A.      For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P. 23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent the Class;

B.      Awarding actual and consequential damages;

1    C.    Granting injunctive relief;

2    D.    For pre- and post-judgment interest to the Class, as allowed by law;

3    E.    For reasonable attorneys' fees and costs to counsel for the Class if and when

4    pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

5    F.    Granting such other and further relief as is just and proper.

6                           **FOURTH CAUSE OF ACTION**

7                            **Strict Product Liability**

8    50.    Plaintiff hereby adopts and incorporates by reference ¶¶1-49 as if more fully set forth

9    herein.

10    51.    Defendants are producers, manufacturers and/or distributors of the Products.

11    52.    The Products produced, manufactured and/or distributed by defendants were

12    defective in design or formulation in that, when the Products left the hands of defendants, the

13

14    foreseeable risks exceeded the benefits associated with the design or formulation.

15    53.    Defendants' Products were expected to and did reach plaintiff without substantial

16    change in condition.

17    54.    Alternatively, the Products manufactured and/or supplied by defendants were

18    defective in design or formulation, in that, when they left the hands of defendants, they were

19    unreasonably dangerous, more dangerous than an ordinary consumer would expect, and more

20    dangerous than other pet food products without concomitant accurate information and warnings

21

22    accompanying the product for plaintiff to rely upon.

23    55.    The Products produced, manufactured and/or distributed by defendants were

24    defective due to inadequate warning and/or inadequate testing and study, and inadequate reporting

25    regarding the results of same.

26    56.    The Products produced, manufactured and/or distributed by defendants were

27

28    defective due to inadequate post-marketing warning or instruction because, after defendants knew or

should have known of the risk of injury from the Products, defendants failed to immediately provide adequate warnings to plaintiff and the public.

57.    As the direct and legal result of the defective condition of the Products as produced, manufactured and/or distributed by defendants, and of the negligence, carelessness, other wrongdoing and actions of defendants described herein, plaintiff suffered damages.

WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against defendants as follows:

A.    For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P. 23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent the Class;

B.    Awarding actual and consequential damages;

C.    Granting injunctive relief;

D.    For pre- and post-judgment interest to the Class, as allowed by law;

E.    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

F.    Granting such other and further relief as is just and proper.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

58.    Plaintiff hereby adopts and incorporates by reference ¶¶1-57 as if more fully set forth herein.

59.    As a direct, proximate, and foreseeable result of defendants' acts and otherwise wrongful conduct, plaintiff suffered damages. Defendants profited and benefited form the sale of the Products, even as the Products caused plaintiff to incur damages.

60.    Defendants have voluntarily accepted and retained these profits and benefits, derived from consumers, including plaintiff, with full knowledge and awareness that, as a result of defendants' unconscionable wrongdoing, consumers, including plaintiff, were not receiving products

1   of the quality, nature, fitness, or value that had been represented by defendants or that reasonable

2   consumers expected. Plaintiff purchased pet food that she expected would be safe and healthy for

3   her dog and instead has had to now endure the death of her beloved pet.

4

5          6.      By virtue of the conscious wrongdoing alleged in this Complaint, defendants have

6   been unjustly enriched at the expense of plaintiff who is entitled to, and hereby seeks, the

7   disgorgement and restitution of defendants' wrongful profits, revenue, and benefits, to the extent,

8   and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just

9   and proper to remedy defendants' unjust enrichment.

10        62.     Plaintiff has no adequate remedy at law.

11      WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief

12   and judgment against defendants as follows:

13        A.     For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P.

14   23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent

15   the Class;

16        B.     Awarding reimbursement, restitution and disgorgement from defendants of the

17   benefits conferred by plaintiff and the Class;

18        C.     For pre- and post-judgment interest to the Class, as allowed by law;

19        D.     For reasonable attorneys' fees and costs to counsel for the Class if and when

20   pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

21        E.     Granting such other and further relief as is just and proper.

22

23

24

25

26

27

28

1

**JURY DEMAND**

2          Plaintiff and the Class demand a jury trial on all issues triable by a jury.

3     DATED: March 30, 2007                    LERACH COUGHLIN STOIA GELLER
                                               RUDMAN & ROBBINS LLP
4                                              SHAWN A. WILLIAMS

5

6                                              _____
                                                     SHAWN A. WILLIAMS
7
                                               100 Pine Street, Suite 2600
8                                              San Francisco, CA 94111
                                               Telephone: 415/288-4545
9                                              415/288-4534 (fax)
                                               shawnw@lerachlaw.com
10
                                               LERACH COUGHLIN STOIA GELLER
11                                             RUDMAN & ROBBINS LLP
                                               PAUL J. GELLER
12                                             pgeller@lerachlaw.com
                                               STUART A. DAVIDSON
13                                             sdavidson@lerachlaw.com
                                               JAMES L. DAVIDSON
14                                             jdavidson@lerachlaw.com
                                               120 E. Palmetto Park Road, Suite 500
15                                             Boca Raton, FL  33432-4809
                                               Telephone:  561/750-3000
16                                             561/750-3364 (fax)

17
                                               Attorneys for Plaintiff and the Class
18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                                                        - 15 -

1

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there is no such interest to report.

4

5

6                                                   _____

7                                                   ATTORNEY OF RECORD FOR
                                                    PLAINTIFF SHERRY INGLES

8  T:\cases\SF\menu foods\CPT00040573.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                                                      - 16 -