(f)     Granting such other and further relief as is just and proper.

## THIRD CAUSE OF ACTION
### (Negligence)

45.     Plaintiff hereby adopts and incorporates by reference paragraphs 1-32 as if more fully set forth herein.

46.     Defendants owed Plaintiff a duty to only offer safe, non-contaminated products for consumption by household pets.

47.     Through its failure to exercise the due care, Defendants breached this duty by producing, processing, manufacturing, and offering for sale the Products in a defective condition that was unhealthy to the Plaintiff's pets.

48.     Additionally, Defendants breached their duty of care to Plaintiff by failing to use sufficient quality control, perform adequate testing, proper manufacturing, production, or processing, and failing to take sufficient measures to prevent the Products from being offered for sale, sold, or fed to pets.

49.     Defendants knew or, in the exercise of reasonable care should have known, that the Products presented an unacceptable risk to the pets of the Plaintiff, and would result in damage that was foreseeable and reasonably avoidable.

50.     As a direct and proximate result of Defendants' above-referenced negligence, Plaintiff and has suffered loss and damages.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

Dockets.Justia.com

(a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and his legal counsel to represent the Class;

(b)    Awarding actual and consequential damages;

(c)    Granting injunctive relief;

(d)    For pre- and post-judgment interest to the Class, as allowed by law;

(e)    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

(f)    Granting such other and further relief as is just and proper.

## FOURTH CAUSE OF ACTION
### (Strict Product Liability)

51.    Plaintiff hereby adopts and incorporates by reference paragraphs 1-32 as if more fully set forth herein.

52.    Defendants are producers, manufacturers and/or distributors of the Products.

53.    The Products produced, manufactured and/or distributed by Defendants were defective in design or formulation in that, when the Products left the hands of the Defendants, the foreseeable risks exceeded the benefits associated with the design or formulation.

54.    Defendants' Products were expected to and did reach the Plaintiff without substantial change in condition.

55.    Alternatively, the Products manufactured and/or supplied by Defendants were defective in design or formulation, in that, when they left the hands of the Defendants, they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and more

dangerous than other pet food products without concomitant accurate information and warnings accompanying the product for the Plaintiff to rely upon.

56.    The Products produced, manufactured and/or distributed by Defendants were defective due to inadequate warning and/or inadequate testing and study, and inadequate reporting regarding the results of same.

57.    The Products produced, manufactured and/or distributed by Defendants were defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury from the Products, Defendants failed to immediately provide adequate warnings to the Plaintiff and the public.

58.    As the direct and legal result of the defective condition of the Products as produced, manufactured and/or distributed by Defendants, and of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff suffered damages.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and his legal counsel to represent the Class;

(b)    Awarding actual and consequential damages;

(c)    Granting injunctive relief;

(d)    For pre- and post-judgment interest to the Class, as allowed by law;

(e)    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

(f)    Granting such other and further relief as is just and proper.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

59.    Plaintiff hereby adopts and incorporates by reference paragraphs 1-32 as if more fully set forth herein.

60.    As a direct, proximate, and foreseeable result of Defendants' acts and otherwise wrongful conduct, Plaintiff suffered damages. Defendants profited and benefited from the sale of the Products, even as the Products caused Plaintiff to incur damages.

61.    Defendants have voluntarily accepted and retained these profits and benefits, derived from consumers, including Plaintiff, with full knowledge and awareness that, as a result of Defendants' unconscionable wrongdoing, consumers, including Plaintiff, were not receiving products of the quality, nature, fitness, or value that had been represented by Defendants or that reasonable consumers expected. Plaintiff purchased pet food that he expected would be safe and healthy for his dog and instead has had to now endure the death of his beloved pet.

62.    By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of the Plaintiff who is entitled to, and hereby seeks, the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

63.    Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and his legal counsel to represent the Class;

(b)    Awarding reimbursement, restitution and disgorgement from Defendants of the

benefits conferred by Plaintiff and the Class;

(c)    For pre- and post-judgment interest to the Class, as allowed by law;

(d)    For reasonable attorneys' fees and costs to counsel for the Class if and when

pecuniary benefits are obtained on behalf of the Class; and

(e)    Granting such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff and the Class demands a jury trial on all issues triable by a jury.

DATED:  March 30, 2007

**LITE, DEPALMA, GREENBERG & RIVAS, LLC**

By: _____
Joseph F. DePalma
Two Gateway Center, 12th Floor
Newark, NJ 07102
Tel: 973.623.3000
Fax: 973.623.0858

**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
Paul J. Geller, Esq.
Stuart A. Davidson, Esq.
James L. Davidson, Esq.
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Tel:  561/750-3000
Fax:  561/750-3364

Attorneys for Plaintiff and the Class

G:\sdavidson\Menu Foods\Interwoven_131426_1 [SAD].DOC

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by his attorneys, hereby certifies that to the best of his knowledge, the matter in controversy is related to Wilson v. Menu Foods Income Fund, et al., Civil Action Number 01456 filed on March 27, 2007, Richard, et al., v. Menu Foods Income Fund, et al., Civil Action Number 01457, Hidalgo v. Menu Foods Income Fund, et al, filed in the District of New Jersey on March 29, 2007, Nunez v. Menu Foods Income Fund, et al., filed in the District of New Jersey on March 29, 2007, and Turturro v. Menu Foods Income Fund, a Canadian open-ended trust, Menu Foods Limited, a Canadian corporation, Menu Foods Holdings, Inc., a Delaware corporation, Menu Foods, Inc., a New Jersey corporation, Menu Foods Midwest corporation, a Delaware corporation, Menu Foods South Dakota, Inc., a Delaware corporation, ABC partnerships, XYZ corporations, filed in the District of New Jersey on March 30, 2007. Plaintiff is not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the fore going statements made by me are wilfully false, I am subject to punishment.

Dated: March 30, 2007                    By: _____
                                         Joseph J. DePalma
                                         **LITE DEPALMA GREENBERG &
                                         RIVAS, LLC**
                                         Two Gateway Center, 12th Floor
                                         Newark, New Jersey 07102
                                         (973) 623-3000

# EXHIBIT P

MAGISTRATE JUDGE
SNOW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **07-60428** CIV-COHN

CHRISTINA TROIANO, Individually and On
Behalf of All Others Similarly Situated,

      **JURY TRIAL DEMAND**

   Plaintiff,

vs.

MENU FOODS, INC. and MENU FOODS
INCOME FUND,

   Defendants.

         /

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT. L.

FILED BY

2007 MAR 26 PH 1: 1

### CLASS ACTION COMPLAINT

  Plaintiff Christina Troiano ("Plaintiff"), individually and on behalf of all others similarly

situated, files this Class Action Complaint against Defendants Menu Foods, Inc., a New Jersey

Corporation and Menu Foods Income Fund, a foreign corporation (collectively "Defendants") and

alleges as follows:

### I. INTRODUCTION

  1.  This is a class action lawsuit brought on behalf of Plaintiff and others similarly

situated who purchased pet food and pet food products produced, manufactured and/or distributed by

Defendants that caused injury, illness, and/or death to Plaintiff's household pets.

  2.  Defendants are the leading North American private label/contract manufacturer

of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty

retailers, and other wholesale and retail outlets, including Wal-Mart, Safeway, Kroger,

PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food

products to or for Proctor & Gamble, Inc. Defendants produce hundreds of millions of containers

of pet food annually.

3.    Defendants designed, manufactured, marketed, advertised and warranted their pet food products. In conjunction with each sale, Defendants marketed, advertised and warranted that the Products were fit for the ordinary purpose for which such goods were used – consumption by household pets – and were free from defects. Defendants produce the pet food products intending that consumers will purchase the pet food products, regardless of brand or label name, place of purchase, or the location where pets actually consume them. The pet food products were intended to be placed in the stream of commerce and distributed and offered for sale and sold to Plaintiff and purchasers in Florida and the United States and fed to their pets.

4.    Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on her own behalf and as a representative of a class of persons consisting of all persons in the United States who purchased, or incurred damages by using pet food produced manufactured and/or distributed by Defendants that was or will be recalled by the Defendants, including that produced from December 3, 2006 up to and including March 6, 2007. The pet food products referenced in this paragraph will hereinafter be referred to as the "Products."

5.    As a result of the defective Products, Plaintiff and members of the Class have suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

6.    Defendants know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to household pets, and on March 16, 2007, initiated a recall of some of the Products. Further, the Food and Drug Administration has reported that as many as one in six animals died in tests of the Products by Defendants last month after the Defendants received complaints the products were

2

poisoning pets around the country. A spokeswoman for the New York State Department of Agriculture and Markets has said that rodent poison was determined to have been mixed into the Products by Defendants.

## II.    PARTIES

7.    Plaintiff is a resident of Broward County, Florida who, in early March of 2007, purchased Iams Select Bytes Cat Food from a Publix grocery store in Deerfield Beach, Florida. The Iams Select Bytes Cat Food purchased by Plaintiff is a part of the group of Products that were produced, manufactured and/or distributed by Defendants.

8.    Defendant Menu Foods, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey, specifically located at 9130 Griffith Morgan Lane, Pennsauken NJ 08110.

9.    Defendant Menu Foods, Inc. is ultimately owned or controlled by Defendant Menu Foods Income Fund, an unincorporated company with its principal place of business in the Province of Ontario, Canada. Some of Defendant Menu Foods, Inc.'s high managerial officers or agents with substantial authority are also high managerial officers or agents of Defendant Menu Foods Income Fund.

10.    Plaintiff, individually and as representative of a Class of similarly situated persons more defined below, brings suit against the named Defendants for offering for sale and selling to Plaintiff and members of the Class the Products in a defective condition and thereby causing damages to Plaintiff and members of the Class.

3

### III.    JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and subsection (d), and the Class Action Fairness Act of 2005, Pub. L. 109-2 (Feb. 18, 2005); and over supplemental state law claims pursuant to 28 U.S.C. §1367.

12.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391 and/or Pub. L. 109-2 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. In this judicial district, Plaintiff purchased the recalled pet food products made by Defendants, and her household pets ate and consumed the Products. Thousands of other consumers – including other members of the Class – purchased the Products in this judicial district from retailers that Defendants, their agents, affiliates, or others controlled or were in privity with. In turn, retailers or others sold the Products to the general public, including Plaintiff, and members of the Class. The Products were purchased for consumption by the pets of Plaintiff and the other members of the Class. Defendants made or caused these products to be offered for sale and sold to the public, including Plaintiff.

### IV.    SUBSTANTIVE ALLEGATIONS

#### Defendants and their Defective Pet Food

13.    Defendants are in the business of manufacturing, producing, distributing, and/or selling pet food under various brands or labels, and/or for third party firms, including: America's Choice Preferred Pets, Authority, Best Choice, Companion, Compliments, Demoulus Market Basket, Eukanuba, Fine Feline Cat, Food Lion, Food Town, Giant Companion, Hannaford, Hill Country Fare, Hy-Vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Nutriplan, Nutro Max Gourmet Classics, Nutro Natural Choice, Paws, Pet Pride, President's Choice, Priority, Sav-a-Lot, Schnucks, Science Diet

Feline Savory Cuts Cans, Sophsitacat, Special Kitty US, Springfield Prize, Sprout, Total Pet, Wegmans, Western Family, White Rose, and Winn Dixie. Defendants has manufactured or produced pet food for private labels for aproximately17 of the 20 leading retailers in the United States.

14.    Defendants' business includes manufacturing, producing, distributing, or selling dog food under various brands or labels, and/or for third party firms, including: America's Choice, Preferred Pets, Authority, Award, Best Choice, Big Bet, Big Red, Bloom, Bruiser, Cadillac, Companion, Demoulus Market Basket, Eukanuba, Food Lion, Giant Companion, Great Choice, Hannaford, Hill Country Fare, Hy-vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Mixables, Nutriplan, Nutro Max, Nutro Ultra, Nutro, Ol'Roy US, Paws, Pet Essentials, Pet Pride - Good & Meaty, President's Choice, Price Chopper, Priority, Publix, Rocke Brothers, Sav-a-Lot, Schnucks, Shep Dog, Sprout, Statler Bros, Total Pet, Western Family, White Rose, Winn Dixie, and Your Pet.

15.    Defendants produce millions of pouches or containers of pet food products each year, a substantial portion of which are sold or offered for sale in Florida. Upon information and belief, Defendants have sold, either directly or indirectly, thousands of units of defective pet food and pet food products nationwide and in the State of Florida.

16.    Defendants manufactured, marketed, advertised, warranted and sold, either directly or through their authorized distribution channels, the Products that caused Plaintiff's damages. Plaintiff and members of the Class have been or will be forced to pay for damages caused by the defect in Defendants' Products.

5

### Factual Allegations Related to Plaintiff

17.    In early March, 2007, Plaintiff purchased Iams Select Bytes Cat Food pet food from a national chain grocery store, Publix, operating in Deerfield Beach, Florida.

18.    Over the course of the next few weeks, Plaintiff fed the cat food to her two cats, Angel and Piescat. Towards the end of that period, Plaintiff began noticing that her cats were not eating much of the Defendants' product, and that the cats were leaving large pools of urine in their litter box with little or no bowel movements.

19.    On or about March 16, 2007, Defendants announced a recall of approximately 42 brands of "cuts and gravy style dog food, all produced by the Defendants between December 3, 2006 and March 6, 2007." Defendants had initially received complaints from consumers as far back as February 20, 2007 indicating that certain of Defendants' pet food was causing kidney failure and death in dogs and cats. Unfortunately, Plaintiff and the Class were not made aware of this recall for several more days.

20.    On March 20, 2007, following another few days of unusual behavior from her cats, Plaintiff took her cats to the veterinarian. The veterinarian advised Plaintiff that both of her cats were suffering from kidney failure directly and proximately caused by the cat food. One of the Plaintiff's cats, Angel, died shortly thereafter, while the other cat, Piescat, remains at a veterinary hospital receiving treatment.

21.    Thereafter, Plaintiff learned about the recall and the potential problems that could occur from feeding the Products to her pets. Prior to the recall, Defendants never warned Plaintiff or any other member of the Class that the Products would cause their pets to have health problems. As referenced above, Defendants knew about the risks of injury or death at least one month prior to the time that Plaintiff fed the Products to her cat.

6

22.    As a result of their purchases of the Products, as set forth above, Plaintiff and other

members of the Class have suffered and will suffer damages, including consequential and incidental

damages, such as the loss and disability of their household pets, costs of purchasing the Products and

replacing it with a safe product, including sales tax or a similar tax, costs of making an additional

trip to a retail store to purchase safe, non-contaminated pet food, the price of postage to secure a

refund offered by Defendants, the cost of veterinarians, treatment, medicines and the trip(s) to make

such visits for diagnosis and treatment, and otherwise.

## V.    CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action on her own behalf and as a Class action pursuant to Rule

23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following proposed class:

> All persons in the United States who purchased, or incurred damages by using, pet
> food produced or manufactured by Defendants that was or will be recalled by the
> Defendants, including that produced from December 3, 2006 up to and including
> March 6, 2007.

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to

amend the class definition. Excluded from the Class are Defendants, their parents, subsidiaries and

affiliates, directors and officers, and members of their immediate families. Also excluded from the

Class are the court, the Court's spouse, all persons within the third degree of relationship to the

Court and its spouse, and the spouses of all such persons.[1]

24.    Numerosity: The members of the Class are so numerous and geographically diverse

that joinder of all of them is impracticable. While the exact number and identities of members of the

Class are unknown to Plaintiff at this time and can only be ascertained through appropriate

---

[1]    See Canon 3 C(3)(a) of the Code of Conduct for United States Judges.

7

discovery, Plaintiffs believe and therefore aver that there are thousands of Class members throughout the United States.

25.    Commonality: There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

(a)    Whether Defendants sold pet food and pet food products that were recalled or subject to a recall.

(b)    Whether Defendants advertised, represented, or held itself out as producing or manufacturing a pet food product that was safe for pets of the class members.

(c)    Whether Defendants expressly warranted these products.

(d)    Whether Defendants purported to disclaim any express warranty.

(e)    Whether Defendants purported to disclaim any implied warranty.

(f)    Whether any limitation on warranty fails to meet its essential purpose.

(g)    Whether Defendants intended that the Products be purchased by Plaintiff, Class members, or others.

(h)    Whether Defendants intended or foresaw that Plaintiff, class members, or others would feed the Products to their pets.

(i)    Whether Defendants recalled the pet food products.

(j)    Whether Defendants was negligent in manufacturing or processing the Products.

(k)    Whether using the Products as intended - to feed their pets - resulted in loss, injury, damage, or damages to the Class.

(l)    Whether Defendants' negligence proximately caused loss or injury to damages.

8

(m)    Whether Class members suffered direct losses or damages,

(n)    Whether Class members suffered indirect losses or damages.

(o)    Whether Defendants' acts or practices violated the Florida Deceptive and Unfair Trade Practices Acts.

26.    Typicality: Plaintiff's claims are typical of the claims of the other members of the Class in that all such claims arise out of Defendants' conduct in manufacturing, producing and entering into the stream of commerce defective pet food and pet food products, Defendants' conduct surrounding the recall of its product, and Plaintiff's and Class Members' purchase and use of Defendants' products. Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the Class.

27.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

28.    Plaintiff brings this action under Rule 23(b)(3) because common questions of law and fact (identified in paragraph 25 above) predominate over questions of law and fact affecting individual members of the Class. Indeed, the predominant issue in this action is whether Defendants' pet food and pet food products are defective and have caused damages to Plaintiff and the members of the Class. In addition, the expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy. Certification under Rule 23(b)(3) is appropriate because a class action is superior to the other available methods

for the fair and efficient adjudication of this action, and Plaintiff envisions no unusual difficulty in the management of this action as a class action.

29.    The undersigned counsel for Plaintiff and the Class request that the Court appoint them to serve as class counsel first on an interim basis and then on a permanent basis. Undersigned counsel will fairly and adequately represent the interests of the class, have identified or investigated the Class's potential claims, are experienced in handling class actions, other complex litigation, and consumer claims of the type asserted in the action, know the applicable law, will commit sufficient resources to represent the class, and are best able to represent the Class.

30.    Plaintiff requests this Court to certify this Class in accordance with Rule 23 and the Class Action Fairness Act of 2005.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Breach of Implied Warranty

31.    Plaintiff hereby adopts and incorporates by reference paragraphs 1-30 as if more fully set forth herein.

32.    Defendants manufactured, marketed, sold and distributed the Products.

33.    At the time that Defendants marketed, sold, and distributed the Products, Defendants knew of the purpose for which the Products were intended and impliedly warranted that the Products were of merchantable quality and safe and fit fur such use.

34.    Plaintiff reasonably relied upon the skill, superior knowledge and judgment of the Defendants as to whether the Products were of merchantable quality and safe and fit for its intended use.

10

35.    Due to Defendants' wrongful conduct as alleged herein, Plaintiff could not have known about the risks and side effects associated with the Products until after ingestion by Plaintiff's cats.

36.    Contrary to such implied warranty, the Products were not of merchantable quality and were not safe or fit for their intended use.

37.    As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff suffered damages as alleged herein.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and their legal counsel to represent the Class;

(b)    Awarding actual and consequential damages;

(c)    Granting injunctive relief;

(d)    For pre- and post-judgment interest to the Class, as allowed by law;

(e)    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

(f)    Granting such other and further relief as is just and proper.

## SECOND CAUSE OF ACTION

### Breach of Express Warranty

38.    Plaintiff hereby adopts and incorporates by reference paragraphs 1-30 as if more fully set forth herein.

39.    Defendants expressly warranted that the Products were safe for consumption by pets.

11

40.    The Products did not conform to these express representations because the Products are not safe and cause serious side effects in pets, including death.

41.    As a direct and proximate result of the breach of said warranties, and as the direct and legal result of the defective condition of the Products as manufactured and/or supplied by Defendants, and other wrongdoing of Defendants described herein, Plaintiff was caused to suffer damages.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and their legal counsel to represent the Class;

(b)    Awarding actual and consequential damages;

(c)    Granting injunctive relief;

(d)    For pre- and post-judgment interest to the Class, as allowed by law;

(e)    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

(f)    Granting such other and further relief as is just and proper.

### THIRD CAUSE OF ACTION

### Negligence

42.    Plaintiff hereby adopts and incorporates by reference paragraphs 1-30 as if more fully set forth herein.

43.    Defendants owed Plaintiff a duty to only offer safe, non-contaminated products for consumption by household pets.

12

44.    Through its failure to exercise the due care, Defendants breached this duty by producing, processing, manufacturing, and offering for sale the Products in a defective condition that was unhealthy to the Plaintiff's pets.

45.    Additionally, Defendants breached their duty of care to Plaintiff by failing to use sufficient quality control, perform adequate testing, proper manufacturing, production, or processing, and failing to take sufficient measures to prevent the Products from being offered for sale, sold, or fed to pets.

46.    Defendants knew or, in the exercise of reasonable care should have known, that the Products presented an unacceptable risk to the pets of the Plaintiff, and would result in damage that was foreseeable and reasonably avoidable.

47.    As a direct and proximate result of Defendants' above-referenced negligence, Plaintiff and has suffered loss and damages.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and their legal counsel to represent the Class;

(b)    Awarding actual and consequential damages;

(c)    Granting injunctive relief;

(d)    For pre- and post-judgment interest to the Class, as allowed by law;

(e)    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

(f)    Granting such other and further relief as is just and proper.

13

## FOURTH CAUSE OF ACTION

### Strict Product Liability

48.    Plaintiff hereby adopts and incorporates by reference paragraphs 1-30 as if more fully set forth herein.

49.    Defendants are producers, manufacturers and/or distributors of the Products.

50.    The Products produced, manufactured and/or distributed by Defendants were defective in design or formulation in that, when the Products left the hands of the Defendants, the foreseeable risks exceeded the benefits associated with the design or formulation.

51.    Defendants' Products were expected to and did reach the Plaintiff without substantial change in condition.

52.    Alternatively, the Products manufactured and/or supplied by Defendants were defective in design or formulation, in that, when they left the hands of the Defendants, they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and more dangerous than other pet food products without concomitant accurate information and warnings accompanying the product for the Plaintiff to rely upon.

53.    The Products produced, manufactured and/or distributed by Defendants were defective due to inadequate warning and/or inadequate testing and study, and inadequate reporting regarding the results of same.

54.    The Products produced, manufactured and/or distributed by Defendants were defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury from the Products, Defendants failed to immediately provide adequate warnings to the Plaintiff and the public.

14

55.    As the direct and legal result of the defective condition of the Products as produced, manufactured and/or distributed by Defendants, and of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff suffered damages.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and their legal counsel to represent the Class;

(b)    Awarding actual and consequential damages;

(c)    Granting injunctive relief;

(d)    For pre- and post-judgment interest to the Class, as allowed by law;

(e)    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

(f)    Granting such other and further relief as is just and proper.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

56.    Plaintiff hereby adopts and incorporates by reference paragraphs 1-30 as if more fully set forth herein.

57.    As a direct, proximate, and foreseeable result of Defendants' acts and otherwise wrongful conduct, Plaintiff suffered damages. Defendants profited and benefited form the sale of the Products, even as the Products caused Plaintiff to incur damages.

58.    Defendants have voluntarily accepted and retained these profits and benefits, derived from consumers, including Plaintiff, with full knowledge and awareness that, as a result of

15

Defendants' unconscionable wrongdoing, consumers, including Plaintiff, were not receiving products of the quality, nature, fitness, or value that had been represented by Defendants or that reasonable consumers expected. Plaintiff purchased pet food that she expected would be safe and healthy for her cats and instead has had to now endure the death of one of her beloved pets and the hospitalization of the other.

59.    By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of the Plaintiff who is entitled to, and hereby seeks, the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Class;

(b)    Awarding reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the Class;

(c)    For pre- and post-judgment interest to the Class, as allowed by law;

(d)    For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

(e)    Granting such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff and the Class demands a jury trial on all issues triable by a jury.

DATED: March 26, 2007

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 072371
*jdavidson@lerachlaw.com*

STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)


KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL 33301
Telephone: 954/462-6855
954/462-6899 (fax)

Attorneys for Plaintiff and the Class

I:\Pot Lit 2007\Menu Foods\Complaint FINAL.doc

17

Case 0:07-cv-60428-JIC    Document 1    Entered on FLSD Docket 03/26/2007    Page 18 of 18

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

CHRISTINA TROIANO Individually and on Behalf of all Others Similarly Situated

## DEFENDANTS

MENU FOODS, INC. and MENU FOODS INCOME FUND

CIV - COHN

MAGISTRATE JUDGE SNOW

07-60428

**(b)** County of Residence of First Listed Plaintiff  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Camden
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809 (Phone  561-750-3000)

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

0:07CV-60428-JIC-SS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Re-filed- (see VI below)

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 USC §1332 and subsection (d); Class Action Fairness Act of 2005; 28 USC §1367 and 1391

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  5,000,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

DATE  3/26/07

FOR OFFICE USE ONLY

AMOUNT  350.00    RECEIPT #  539659

# EXHIBIT Q

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

CAROL BROWN, individually and on behalf
of all others similarly situated

           Plaintiff,

# CA 07 115 *ML*

vs.

C.A. No. _____

MENU FOODS, INC.,
MENU FOODS INCOME FUND,
MENU FOODS MIDWEST CORPORATION,
MENU FOODS SOUTH DAKOTA, INC.

        Defendants.

## CLASS ACTION COMPLAINT

Plaintiff Carol Brown (hereinafter "Plaintiff") brings this class action complaint against defendant Menu Foods, Inc., Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc, (hereinafter collectively "Menu Foods" or "Defendants") to seek redress for herself and all other individuals injured by defendant's sale of contaminated pet food throughout the United States.

## NATURE OF THE CASE

1. Defendants, one of the largest pet food manufacturers in the world, whose products are sold under numerous brand names by several national chain stores throughout the United States, recently issued a massive recall of over 90 brands of cat and dog food (hereinafter "Product") .

2.      The recall was issued as a result of evidence that the dog and cat food which the defendants produced has caused an unknown number of cats and dogs to become ill and or has caused renal failure and death.

3.      When ingested by an animal, the contaminated pet food can cause immediate renal failure, resulting in the complete shutdown of the animal's kidneys and, ultimately, its death..

4.      Defendants', actions in selling the contaminated food and failing to issue the recall sooner were reckless and in breach its duties and warranties to its customers.

5.      Those actions were a proximate cause of injury to and the deaths of currently untold numbers of cats and dogs.

## PARTIES

6.      Plaintiff Carol Brown is a citizen of Johnston, Rhode Island.

7.      Defendant, Menu Foods is a New Jersey Corporation.

8.      Defendant, Menu Foods Income Fund is an unincorporated company with its principal place of business in Ontario, Canada.

9.      Defendant, Menu Foods Midwest Corporation is a Delaware corporation.

10.     Defendant, Menu Foods South Dakota, Inc. is a Delaware corporation.

## JURISDICTION

11.     The Court has original jurisdiction over this complaint pursuant to 28 U.S.C. 1332(d) because (a) plaintiff and numerous members of her putative class are citizens of states different from those of which Menu Foods is a citizen, (b) the

2

.amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c)

none of the jurisdictional contained in 28 U.S.C. § 1332(d)(4)-(5) applies to the instant

action.

## VENUE

12.    Venue is proper in this district under exceptions, inter alia, 28 U.S.C.

§§ 1391 (a)(1).

## FACTS

13.    Defendants holds themselves out to the public as a manufacturer of

safe, nutritious, and high-quality dog and cat food.

14.    Defendants make numerous express warranties about the quality of its

food and its manufacturing facilities.

15.    For example, Defendants tout the claim that it "manufacture[s] the

private-label, wet pet-food industry's most comprehensive product program with the

highest standards of quality" and it operates "state-of-the-art" manufacturing facilities

in the United States and Canada.

16.    Defendants  intended for pet owners to believe its statements and trust

that its pet food is of first-rate quality.

17.    On or about March 16, 2007, Defendants announced a recall of

approximately 42 brands "cuts and gravy" style dog food and 51 brands of "cuts and

gravy" style cat food, all produced at Defendants' facility in Emporia, Kansas,

between Dec. 3, 2006, and March 6, 2007.

18.    Weeks before the recall, Defendants had received numerous complaints

indicating that the pet food originating from the Emporia plant was killing pets.

3

19.     As a result of these complaints, Defendants tested its food on approximately 40 to 50 pets. Seven of those pets died after ingesting the food.

20.     Despite having actual knowledge of both the complaints it received and its own study, Defendants delayed for weeks before issuing the notice of recall.

## FACTS RELATING TO THE NAMED PLAINTIFF

21.     On or about December 5, 2006, Plaintiff Carol Brown purchased Nutro Max from the retailer, Petco for her Shih Tzu breed dog named Bro Hammer.

22.     Plaintiff's dog, Bro Hammer died on January 5, 2007 as a direct result of the ingestion of Nutro Max manufactured in the United States by Defendants.

## CLASS ALLEGATIONS

23.     Plaintiff Carol Brown brings this action, pursuant to FRCP 23(h)(3), on behalf of herself and a class (the "Class") consisting of herself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall.

24.     Upon information and belief, there are over tens of thousands of members of the Class such that joinder of all members is impracticable.

25.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

a.      Did Defendants act negligently in failing to prevent the contamination of its pet food?

b.      Did Defendants act negligently in failing to warn its customers in a timely and effective manner of the danger of its pet food?

4

      c.     Did Defendants' breach express and/or implied warranties relating to the sale of its pet food?

      d.     Did Defendants act negligently in manufacturing or processing the pet food products?

      e.     Did Defendants' negligence cause loss or injury or damages?

26.     Plaintiff will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the class, and she has retained counsel competent and experienced in class action litigation.

27.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the class is impracticable, and (b) many members of the class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions

## LEGAL CLAIMS

## COUNT I

## BREACH OF EXPRESS WARRANTIES

28.     Plaintiff repeats and incorporates herein by reference each and every paragraph of this complaint as though set forth in full in this cause of action

29.     Defendants expressly warranted that the Product was safe and well accepted by dogs and cats and was safe for long-term use.

30.     The Product does not conform to these express representations because the Product is not safe and has high levels of serious, life-threatening side effects.

31.     As a direct and proximate result of the breach of said warranties,

Plaintiff was damaged and she is therefore entitled to damages.


## COUNT II

## BREACH OF IMPLIED WARRANTIES

32.     Plaintiff repeats and incorporates herein by reference each and every

paragraph of this complaint as though set forth in full in this cause of action

33.     Defendants breached the implied warranty of fitness for a particular

purpose by claiming certain of the pet food that it manufactured or produced and was

recalled were fit and safe for consumption by pets and thereby violated the Uniform

Commercial Code.

34.     Defendants breached the implied warranty of merchantability. In fact,

the pet food subject to recall and purchased or used by Plaintiff, the Class, and others

was not merchantable. This breach violated the Uniform Commercial Code.

35.     As a direct and proximate result of the breach of said warranties,

Plaintiff was damaged and she is therefore entitled to damages.


## COUNT III

## STRICT PRODUCT LIABILITY - FAILURE TO WARN

36.     Plaintiff repeats and incorporates by reference each and every

paragraph of this complaint as though set forth in full in this cause of action.

37.     Defendants manufactured, marketed, distributed, and supplied

6

Defendants' Product to distribution centers throughout the United States. As such, Defendants had a duty to warn the public, including Plaintiff, of the health risks and possible death associated with using Defendants' Product.

38.     Defendants' Product was under the exclusive control of Defendants, and was sold without adequate warnings regarding the risk of serious injury and other risks associated with its use.

39.     Defendants failed to warn the public or Plaintiff in a timely manner of the dangerous propensities of Defendants' Product, which dangers were known or should have been known to Defendants, as they were scientifically readily available.

## COUNT IV

## STRICT PRODUCT LIABILITY – DEFECTIVE IN DESIGN OR MANUFACTURE

40.     Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

41.     Defendants were the manufacturers, sellers, distributors, marketers, and/or suppliers of Defendants' Product, which was defective and unreasonably dangerous to the Plaintiff's pets.

42.     Defendants' Product was sold, distributed, supplied, manufactured, marketed, and/or promoted by Defendants, and was expected to reach and did reach consumers without substantial change in the condition in which it was manufactured and sold by Defendants.

7

43.     The Product was manufactured, supplied, and/or sold by Defendants and was defective in design or formulation in that when it left the hands of the manufacturers and/or sellers it was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with the designs and/or formulations of the Product.

44.     Upon information and belief, Defendants actually knew of the defective nature of Defendants' Product but continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the public health and safety, in conscious disregard of the foreseeable harm caused by Defendants' Product.

45.     At all times, Plaintiff purchased the Product for its intended or reasonably foreseeable purpose.

46.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Product Plaintiff suffered damages.

## COUNT V

## NEGLIGENCE

47.     Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

48.     Defendants owed its customers a duty to offer safe, non-contaminated products in the stream of commerce.

49.     Defendants breached this duty by failing to exercise due care in the producing, processing, manufacturing and offering for sale of the contaminated pet food described herein.

50.     Defendants further breached this duty by failing timely and effectively to warn plaintiff and the class of the contamination even after it had actual knowledge

8

of that fact and of the resulting risks.

51.    As a proximate cause thereof, plaintiff and her class suffered actual damages, including without limitation the cost of the contaminated pet food.

## COUNT VI

## UNJUST ENRICHMENT

52.    Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

53.    Defendants were and continue to be unjustly enriched at the expense of Carol Brown and other Class members.

54.    Defendants should be required to disgorge this unjust enrichment.

## COUNT VII

## BREACH OF CONTRACT

55.    Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

56.    Plaintiff and Class members purchased pet food produced by the Defendants based on the understanding that the food was safe for their pets to consume.

57.    The pet food produced by the defendants was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

58.    As a result of the breach Plaintiffs and Class members suffered

9

damages which may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.  An order certifying the Class as defined above;

2.  An award of actual damages;

3.  Appropriate injunctive relief;

4.  Medical monitoring damages;

5.  Reasonable attorney's fees and costs; and

6.  Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: _3/27/07_

                Carol Brown, individually and on behalf
                of a class of similarly situated individuals.

                Respectfully submitted,

                By: _____
                Peter N. Wasylyk (RI Bar # 3351)
                **Law Offices of Peter N Wasylyk**
                1307 Chalkstone Ave.
                Providence, RI 02908
                (401) 831-7730 tel
                (401) 861-6064 fax

                Andrew S. Kierstead
                **Law Office of Andrew S. Kierstead**
                1001 SW Fifth Ave., Suite 1100
                Portland, OR 97204
                (508) 224-6246 tel
                (508) 224-4356 fax

                Marc Stanley
                **Stanley, Mandel & Iola, L.L.P.**
                3100 Monticello Avenue, Suite 750
                Dallas, Texas 75205
                (214) 443-4300 tel
                (214) 443-0358 fax

                **Counsel for Plaintiff**

# EXHIBIT R

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Lauri A. Osborne, Individually and On Behalf )    No.   3:07cv469(RNC)
of All Others Similarly Situated,    )
                       Plaintiff,    )    **307CV00469 RNC**
vs.                       )    CLASS ACTION
MENU FOODS, INC.          )
                 Defendant.    )    DEMAND FOR JURY TRIAL
                              )

## CLASS ACTION COMPLAINT

Plaintiff Lauri A. Osborne brings this class action complaint against Menu Foods, Inc.

("Menu Foods") to seek redress for herself and other individuals injured by its sale of

contaminated pet food throughout the United States.

### NATURE OF THE CASE

1.      Menu Foods, one of the largest pet food manufacturers in the world,

recently issued a mass recall of 42 brands of cat food and 51 brands of dog food.

2.      That recall was issued belatedly as a result of evidence that the pet

food in question was contaminated with a potentially lethal agent.

3.      When ingested by an animal, the contaminated pet food can cause

immediate renal failure, resulting in complete shutdown of the animal's kidneys and, ultimately

its death.

4.      Menu Foods' actions in selling the contaminated food and failing to issue the

recall sooner were reckless and in breach of its duties and warranties to its customers.

5.    Those actions were a proximate cause of injury to and the deaths of currently untold numbers of pets, including plaintiff Lauri A. Osborne's cats, as described more fully below.

6.    On behalf of a nationwide class, Lauri A. Osborne seeks redress for that misconduct.

## PARTIES

7.    Plaintiff Lauri A. Osborne is a citizen of Connecticut, residing in Terryville, Litchfield County, CT.

8.    Defendant Menu Foods is the self-proclaimed "leading manufacturer of private-label wet pet food in North America." It is a New Jersey Corporation with its principal place of business in New Jersey. It does business throughout the United States and throughout Connecticut. It also has offices in Ontario, Canada.

## JURISDICTION

9.    The Court has original jurisdiction over this complaint pursuant to 28 U.S.C. § 1332 (a) because (a) plaintiff and numerous members of her putative class are citizens of states different from those of which Menu Foods is a citizen; (b) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (c) none of the jurisdictional exceptions contained in 28 U.S.C. § 1332 (d)(4)-(5) applies to the instant action.

## VENUE

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c). The Defendant transacts business in this District, and many of the acts constituting the violations of law alleged herein occurred in this District.