# EXHIBIT "B"



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 30 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS
LIABILITY LITIGATION

MDL Docket No. _____



## FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*







IMAGED APR 2 2007

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida ("Troiano" or "Movant"), files this Motion and respectfully moves for an Order transferring all related pending actions against Menu Foods, Inc. and its related partners, affiliates and subsidiaries (the "Defendants"), including the actions listed on Schedule of Actions, to the Southern District of Florida.

As set forth below and in the accompanying Memorandum, Troiano believes the actions listed on the accompanying Schedule of Actions, and any future tag-along actions, satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this motion, Movants state as follows:

1. Movant is the plaintiff in the following case: *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN which is currently pending in the United States District Court for the Southern District of Florida.

2. Movant is currently aware of six other pending class action cases containing similar factual allegations and seeking similar relief against the Defendants. The cases are listed on the attached Schedule.

3. Accompanying Movant's Motion is a Rule 7.2(a)(ii) Schedule of Actions listing all related actions of which Movant is aware. True and correct copies of the complaints in Movant's action and the complaints in each of the related actions are attached to the accompanying Schedule of Actions, filed herewith

2

4. As described in greater detail in the accompanying Memorandum, the factual allegations in each of the actions contain similar allegations regarding Defendants and their defective and ultimately deadly pet food. Each action contends that from December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food that was defective and, for thousands of household pets, deadly – Defendants' pet food and pet food products (the "Products") were contaminated with rat poison or a related agent that contributed to the illness and/or death of thousands of dogs and cats. As a result of the defective Products, each action contends that the Plaintiffs and members of the putative Class suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

5. Each action further contends that Defendants should have known or know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a recall of some of the Products.

6. A centralization of all actions in the Southern District of Florida will be for the convenience of parties and witnesses under 28 U.S.C. §1407 and will save Defendants the burden of having to defend virtually identical actions in multiple states. Witnesses will also be spared the possibility of being required to testify in several locales.

7. Because each of these related cases arises from a virtually identical set of operative facts relating to Defendants' conduct, discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses.

8.  Absent transfer of all of these cases to a single forum for coordinated and consolidated proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification. Coordination and consolidation will promote the just and efficient conduct of the actions, because it will allow one court to address Defendants' ongoing conduct.

9.  Centralization in the Southern District of Florida will also promote the just and efficient conduct of this litigation under 28 U.S.C. § 1407 as more fully set forth in the attached Memorandum.

10. These actions have all been filed on or after March 19, 2007, and are still in their nascent stages. Movant is not aware of any discovery conducted to date, and know of no initial disclosures that have been made in any of these cases. A transfer of these related cases will result in only one judge supervising discovery and resolving any subsequent motions, including motions for class certification.

11. Since all actions are in the beginning stage of the litigation, no prejudice or inconvenience would result from transfer, coordination and/or consolidation.

12. A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a suitable forum. According to the Distribution of Pending MDL Dockets as of March 26, 2007, there is only one pending MDL proceeding in the Southern District of Florida, and numerous judges who have the experience to handle MDL's (See Distribution of Pending MDL Dockets as of March 26, 2007, Ex. A.).

13. For these reasons, and as set forth more fully in the accompanying memorandum, Movant respectfully requests that the Panel enter an Order consolidating and coordinating the actions

identified on the accompanying Schedule together with any related actions subsequently filed or presently unknown to Movant for proceedings in the Southern District of Florida.

Respectfully submitted,

DATED: March 28, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
pgeller@lerachlaw.com
STUART A. DAVIDSON
Florida Bar No. 84824
sdavidson@lerachlaw.com
JAMES L. DAVIDSON
Florida Bar No. 723371
jdavidson@lerachlaw.com

_____ For
STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)

KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
lmk@kopelblank.com
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL 33301
Telephone: 954/462-6855
954/462-6899 (fax)

Attorneys for Florida Plaintiff Christina Troiano

G:\jdavidson\Menu Foods\Pleadings\Motion for MDL (final).doc

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 30 2007

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS
LIABILITY LITIGATION

MDL Docket No. _____

_____/

### FLORIDA PLAINTIFF CHRISTINA TROIANO'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO TRANSFER AND COORDINATE OR
### CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

*Counsel for Florida Plaintiff Christina Troiano*



Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, Plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, CASE NO. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida. Plaintiff Christina Troiano ("Troiano" or "Movant"), respectfully submits this Memorandum in Support of Florida Plaintiff Christina Troiano's Motion for Transfer and Coordination or Consolidation. For the reasons set forth below, Movant's lawsuit and the related lawsuits identified in the accompanying Schedule of Actions should be transferred to and consolidated in the Southern District of Florida.

I.   **INTRODUCTION**

Troiano brings her class action to remedy the harm caused by the defective and deadly pet food manufactured and placed into the stream of commerce by Menu Foods, Inc. and its affiliates, partners and subsidiaries (collectively, the "Menu Foods Defendants" or "Defendants"). Defendants are the leading North American private label/contract manufacturer of wet pet food products (the "Products") sold by supermarket retailers, mass merchandisers, pet specialty retailers, and other wholesale and retail outlets, including Wal-Mart, Safeway, Kroger, PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food products to or for Proctor & Gamble, Inc. Defendants produce hundreds of millions of containers of pet food annually.

Defendants design, manufacture, market, advertise and warrant their pet food Products. In conjunction with each sale, Defendants market, advertise and warrant that the Products are fit for the ordinary purpose for which such goods are used – consumption by pets – and are free from defects. Defendants produce the pet food Products intending that consumers will purchase the pet food products, regardless of brand or label name, place of purchase, or the location where pets actually consume them. The pet food Products are placed in the stream of commerce and distributed and

2

offered for sale and sold to Troiano and purchasers in Florida and the United States and fed to their pets.

From December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food Products that were deadly and defective – Defendants' pet food and pet food Products were potentially contaminated with rat poison or some other agent that contributed to the illness and/or death of thousands of dogs and cats. As a result of the defective Products, Troiano and members of the putative Class have suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

Defendants know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a nationwide recall of some of the Products. Further, the Food and Drug Administration has reported that as many as one in six animals died in tests of the Products by Defendants last month after the Defendants received complaints the Products were poisoning pets around the country. A spokeswoman for the New York State Department of Agriculture and Markets has said that rodent poison was determined to have been mixed into the Products.

## II.    HISTORY OF THE PENDING LAWSUITS

The related actions, identified in the accompanying Schedule of Actions present common questions of law and fact, common defendants, and are brought on behalf of overlapping classes (i.e., all persons and entities who suffered damages due to Defendants' defective pet food and pet food Products). Transfer and consolidation of all existing actions, and all subsequently filed related cases, to the Southern District of Florida will best serve the convenience of the parties and witnesses

3

and promote the just and efficient conduct of the litigation. Each related action is briefly discussed below.

On or about March 19, 2007, Tom Whaley, individually and on behalf of others similarly situated, filed the class action styled *Whaley v. Menu Foods, Inc., et. al.*, Case No. 2:07-cv-00411, in the United States District Court for the Western District of Washington (the "*Whaley* Action"). This complaint seeks damages and equitable relief for breach of contract, unjust enrichment, deceptive and unfair business practices, breach of warranties and negligent misrepresentation on behalf of a class of all persons who purchased any dog or cat food which was produced by the Defendants and/or has had a dog or cat become ill as a result of eating the food.

Also on March 19, 2007, Lizajean Holt, individually and on behalf of others similarly situated, filed the class action styled *Holt v. Menu Foods, Inc.*, Case No. 3:07-cv-00094, in the United States District Court for the Eastern District of Tennessee (the "*Holt* Action"). This complaint likewise seeks damages and equitable relief for deceptive and unfair business practices, breach of warranties and negligence on behalf of a class of all persons in the United States who purchased or fed his, her, or their cat(s) or dog(s) pet food produced or manufactured by Defendants that was or will be recalled by the Defendants, including that produced fro December 3, 2006 up to and including March 6, 2007.

On or about March 20, 2007, Dawn Majerczyk, individually and on behalf of others similarly situated, filed the class action styled *Majerczyk v. Menu Foods, Inc.*, Case No. 1:07-cv-01543, in the United States District Court for the Northern District of Illinois (the "*Majerczyk* Action"). This complaint seeks damages and injunctive relief for breach of warranties and negligence on behalf of a class of herself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall.

4

On or about March 21, 2007, Charley Ray Sims and Pamela Sims, on behalf of themselves and all others similarly situated, filed the class action styled *Sims, et. al. v. Menu Foods Income Fund, et. al.*, Case No. 5:07-cv-05053, in the District Court for the Western District of Arkansas (the "*Sims* Action"). This complaint seeks damages for strict liability, fraud, breach of express and implied warranties and negligence on behalf of a class of (1) all persons or entities who purchased Menu Food brands at any time and disposed of or will not use the products based on publicity surrounding the safety and recall of the products; (2) all persons or entities who purchased Menu Foods products and fed products to their pets on or since December 6, 2006; and (3) all persons or entities who purchased Menu Food products from wholesale distributors on or since December 6, 2006.

On or about March 23, 2007, Jared Workman, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, filed the class action styled *Workman, et. al. v. Menu Foods Limited, et. al.*, Case No. 1:07-cv-01338, in the District Court for the District of New Jersey (the "*Workman* Action"). This complaint seeks damages for breach of express and implied warranties and negligence on behalf of a class of all persons in the United States who purchased any of the pet food brands manufactured by Defendants during the period commencing December 3, 2006, and ending March 6, 2007.

Also on March 23, 2007, Richard and Barbara Widen, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, filed the class action styled *Widen, et. al. v. Menu Foods, et. al.*, Case No. 5:07-cv-05055, in the District Court for the Western District of Arkansas (the "*Widen* Action"). This complaint seeks damages for strict liability and negligence on behalf of a class of all persons in the United States who purchased contaminated pet food from Wal-Mart that was produced by Menu Foods.

5