31. Plaintiff brings this action under Rule 23(b)(3) because common questions of law and fact predominate over questions of law and fact affecting individual members of the Class. Indeed, the predominant issue in this action is whether Defendants' pet food and pet food products are defective and have caused damages to Plaintiff and the members of the Class. In addition, the expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy. Certification under Rule 23(b)(3) is appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiff envisions no unusual difficulty in the management of this action as a class action.

32. Prosecuting separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for defendants or any other party who opposes.

33. Plaintiff requests this Court to certify this Class in accordance with Rule 23 and the Class Action Fairness Act of 2005.

### JURY DEMAND

34. Plaintiff and the Class demand a jury trial on all issues triable by a jury.

### FIRST CAUSE OF ACTION
### (Breach of Implied Warranty)

35. Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if fully set forth herein.

36. Defendants manufactured, marketed, sold and distributed the defective products.

37. At the time that Defendants marketed, sold, and distributed the defective products, Defendants knew of the purpose for which the products were intended and impliedly warranted that the products were of merchantable quality and safe and fit fur such use.

- 10 -

38.   Plaintiff reasonably relied upon the skill, superior knowledge and judgment of the Defendants as to whether the products were of merchantable quality and safe and fit for its intended use.

39.   Due to Defendants' wrongful conduct as alleged herein, Plaintiff could not have known about the risks and side effects associated with the products until after ingestion by Plaintiff's cats. Contrary to such implied warranty, the products were not of merchantable quality and were not safe or fit for their intended use.

40.   As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff suffered damages as alleged herein.

## SECOND CAUSE OF ACTION
### (Breach Of Express Warranty)

41.   Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if set forth fully herein.

42.   Defendants expressly warranted that the products were safe for consumption by pets.

43.   The products did not conform to these express representations because the products are not safe and cause serious side effects in pets, including death.

44.   As a direct and proximate result of the breach of said warranties, and as the direct and legal result of the defective condition of the products as manufactured and/or supplied by Defendants, and other wrongdoing of Defendants described herein, Plaintiff was caused to suffer damages.

## THIRD CAUSE OF ACTION
### (Negligence)

45.   Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if more fully set forth herein.

46. Defendants owed Plaintiff a duty to only offer safe, non-contaminated products for consumption by household pets.

47. Through its failure to exercise the due care, Defendants breached this duty by producing, processing, manufacturing, and offering for sale the products in a defective condition that was unhealthy to the Plaintiff's pets.

48. Additionally, Defendants breached their duty of care to Plaintiff by failing to use sufficient quality control, perform adequate testing, proper manufacturing, production, or processing, and failing to take sufficient measures to prevent the products from being offered for sale, sold, or fed to pets.

49. Defendants knew or, in the exercise of reasonable care should have known, that the products presented an unacceptable risk to the pets of the Plaintiff, and would result in damage that was foreseeable and reasonably avoidable.

50. As a direct and proximate result of Defendants' above-referenced negligence, Plaintiff and has suffered loss and damages.

### FOURTH CAUSE OF ACTION
(Strict Product Liability)

51. Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if more fully set forth herein.

52. Defendants are the producer, manufacturer and/or distributor of the aforementioned products. The products produced, manufactured and/or distributed by Defendants were defective in design or formulation in that, when the products left the hands of the Defendants, the foreseeable risks exceeded the benefits associated with the design or formulation.

53. Defendants' defective products were expected to and did reach the Plaintiff without substantial change in condition.

54. Alternatively, the products manufactured and/or supplied by Defendants were defective in design or formulation, in that, when they left the hands of the Defendants, they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and more dangerous than other pet food products without concomitant accurate information and warnings accompanying the product for the Plaintiff to rely upon.

55. The products produced, manufactured and/or distributed by Defendants were defective due to inadequate warning and/or inadequate testing and study, and inadequate reporting regarding the results of same.

56. The products produced, manufactured and/or distributed by Defendants were defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury from the defective products, Defendants failed to immediately provide adequate warnings to the Plaintiff and the public.

57. As the direct and legal result of the defective condition of the products as produced, manufactured and/or distributed by Defendants, and of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff suffered damages.

### FIFTH CAUSE OF ACTION
(Unjust Enrichment)

58. Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if more fully set forth herein.

59. As a direct, proximate, and foreseeable result of Defendants' acts and otherwise wrongful conduct, Plaintiff suffered damages. Defendants profited and benefited form the sale of the defective products, even as the defective products caused Plaintiff to incur damages.

60. Defendants have voluntarily accepted and retained these profits and benefits, derived from consumers, including Plaintiff, with full knowledge and awareness that, as a result of

- 13 -

Defendants' unconscionable wrongdoing, consumers, including Plaintiff, were not receiving products of the quality, nature, fitness, or value that had been represented by Defendants or that reasonable consumers expected. Plaintiff purchased pet food that she expected would be safe and healthy for her cats and instead has had to now endure the death of one of her beloved pets and the hospitalization of the other.

61.  By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of the Plaintiff who is entitled to, and hereby seeks, the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

(a) For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Class;

(b) Awarding reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the Class;

(c) Awarding actual and consequential damages;

(d) Granting injunctive relief;

(e) For pre- and post-judgment interest to the Class, as allowed by law;

(f) For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

(g)  Granting such other and further relief as is just and proper.

DATED: April 2, 2007

THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA
BRIAN O. O'MARA
DAVID C. O'MARA

/s/ Brian O. O'Mara
---
BRIAN O. O'MARA

311 East Liberty Street
Telephone: 775-323-1321
775-323-4082 (fax)

Attorneys for Plaintiff Marion Streczyn

- 15 -