

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

| In re: | MDL Docket No. 1850 |
|---|---|
| PET FOOD PRODUCTS LIABILITY LITIGATION | 3:07-CV-00159 |

## RESPONSE OF PLAINTIFF SHIRLEY SEXTON TO PLAINTIFF TROIANO AND WASHINGTON PLAINTIFFS' MOTIONS FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for Plaintiff/Movant *Shirley Sexton*

[Additional Counsel Listed on Signature Page]

1

Response of Plaintiff Shirley Sexton to Plaintiff Troiano and Washington Plaintiffs' Motions for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407

Dockets.Justia.com

Plaintiff Shirley Sexton ("Movant *Sexton*") hereby responds to two motions: the motions of Plaintiff Christina Troiano ("Plaintiff Troiano"), and Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrence Mitchell, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michele Suggett and Don James ("Washington Plaintiffs").

All of the pending motions support centralization and transfer of these approximately sixty (60) cases to a single district court. For the reasons set forth below and in the accompanying memorandum of law, Movant *Sexton* respectfully submits that the District of New Jersey is the most appropriate transferee forum.

**Movant *Sexton* responds as follows to the factual averments made by Plaintiff Troiano in her transfer motion:**

1. Admit.

2. Admit.

3. Admit.

4. Admit that actions contend that from December 3, 2006 up to and including March 6, 2007 Defendants introduced defective pet food into the stream of commerce but clarify that the recall dates have been expanded to include pet food manufactured as early as November 3, 2006. Admit that aminopterin, an agent used in rat poisons, was a suspected contaminant, but that recent investigations have focused on the presence of melamine and other substances found in wheat gluten.

5. Admit and clarify that recall dates have been expanded to include pet food

2

---

Response of Plaintiff Shirley Sexton to Plaintiff Troiano and Washington Plaintiffs' Motions for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407

manufactured as early as November 3, 2006.

6.   Deny and aver that centralization and transfer to the Southern District of Florida will not serve the convenience of parties and witnesses under 28 U.S.C. § 1407. Aver that the District of New Jersey is the most suitable transferee forum, in part, because of its geographic proximity to two of the most prevalent defendants in this litigation – Menu Foods Income Fund and Menu Foods, Inc.

7.   Admit.

8.   Admit.

9.   Deny and aver that centralization and transfer to the Southern District of Florida will not promote the just and efficient conduct of this litigation under 28 U.S.C. § 1407. The majority of the actions in this litigation are located in the District of New Jersey, primary defendants are headquartered in or near New Jersey, federal investigations have occurred in New Jersey, and New Jersey is more accessible to defendants traveling from China.

10.  Admit.

11.  Admit that no prejudice or inconvenience would result from transfer in general.

12.  Deny and aver that the District of New Jersey has managed and terminated a greater number of MDL cases than the Southern District of Florida. The District of New Jersey also has fewer cases that are over three years old. *Id.*

13.  Admit that these actions should be transferred and consolidated or coordinated. Deny that the Southern District of Florida is the most appropriate transferee forum.

3

**Movant *Sexton* responds as follows to the factual averments made by the Washington Plaintiffs in their transfer motion:**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

    a. Admit.

    b. Admit.

    c. Admit.

    d. Admit.

5. Admit.

6. Admit.

7. Deny and aver that centralization and transfer to the Western District of Washington will not serve the convenience of parties and witnesses nor promote the just and efficient conduct of these actions. Because the vast majority of cases and two primary defendants in this litigation are located in or near the District of New Jersey, transferring all sixty (60) actions to the District of New Jersey would promote efficiency in discovery.

8. Admit that the Western District of Washington has resources and expertise. Deny that it is the most appropriate transferee forum.

9. Admit.

4

Dated: April 19, 2007                    WEXLER TORISEVA WALLACE LLP

By: _____
         MARK J. TAMBLYN

1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Kenneth A Wexler
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle Street, Suite 290
Chicago, Illinois 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for *Plaintiff/Movant, Shirley Sexton*

5

Response of Plaintiff Shirley Sexton to Plaintiff Troiano and Washington Plaintiffs' Motions for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407