# BEFORE THE

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

2007 JUL 16 A 1:58

|  |  |
|---|---|
| ------------------------------- | M.D.L. - 1850 |
| IN RE PET FOOD PRODUCTS LIABILITY LITIGATION | : |
| ------------------------------- | : |

3:07CV00159-LRH-VPC

## NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-1)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Margaret Picus, hereby files her Notice of and Opposition to Conditional Transfer Order (CTO-1) filed by the Judicial Panel on Multidistrict Litigation on June 28, 2007 in regard to Picus. v. Wal-mart Stores, Inc et al., Case No. CV-S- 00682- PMP-LRL  District of Nevada.

## I. INTRODUCTION

This action alleges that Defendants have cheated consumers and Defendants' competitors by lying about the origin of their "Ol' Roy" brand pet food products as "MADE IN USA." Mislabeling as to product origin is expressly prohibited under Nev. Rev Stat §598.0915 and 62 Fed. Reg. 63756, and is therefore a per se violation of Nevada's unfair competition statute Nev. Rev. Stat. § 41.600 *et seq*. Based on this mislabeling, Plaintiff asserts three causes of action 1) violation of the Nevada

1

NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL TRANSFER ORDER - MDL 1850

unfair competition statute Nev. Rev Stat. § 41.600 *et seq.*; 2)unjust enrichment; and 3) common law fraud.

This action should not be transferred and centralized with the MDL cases for pretrial purposes because the questions of fact in this case are very different from those in the MDL actions and transfer of this case would not eliminate any duplicative discovery or conserve the resources of the parties, their counsel and the judiciary. Nor is transfer necessary to avoid inconsistent rulings because the legal issues in this case are also very from those int the MDL cases. This case is based on the mislabeling of products as "MADE IN USA" while the other actions are focused on the adulteration and contamination of certain lots of the pet food itself. The MDL cases are primarily products liability cases alleging design defects and/or manufacturing defects based on the contamination of specific lots of pet food sold by many companies during a six month period in 2006 and 2007.

This action, on the other hand addresses Defendants' misrepresentations during the entire class period beginning in 2003, four years prior to the filing of this action and still being committed by Defendants.[1] The factual and legal issues in this case all focus on Defendants unlawful mislabeling of the geographic origin or their products over the last four and a half years in direct violation of Nevada statutory law, not whether a few batches of pet food sold by Defendants and many other companies who are not defendants in this action were contaminated and caused physical injury to pets. There are not issues of causation or contamination at issue in this case and therefore the expert issues will be distinct from the MDL.

Instead, this case is brought on behalf of a very different, and much broader, class of consumers based on a uniform statutory and common law claim under Nevada law. Accordingly, both the merits issues and class certification issues here will be different from the issues in the MDL proceedings. Because, this case and the MDL cases involves entirely different of fact and law, transfer of this case would not eliminate any duplicative discovery, avoid inconsistent pretrial rulings or conserve judicial resources. These different issues will burden the MDL court that will be dealing with the multitude of contamination and product liability claims. Plaintiff therefore respectfully

---

[1] Claims under the Nevada unfair competition statute claims are subject to a four year statute of limitations. If applicable, the delayed discovery rule could toll the statute of limitations for certain claims even further.

1  requests that the conditional transfer order be vacated with respect to her case.

## II. STATEMENT OF FACTS

This case is a class action arises from Defendants' scheme through which "Ol' Roy" brand pet food products were intentionally mislabeled and sold to consumers as "MADE IN USA" when in fact major components of the "Ol' Roy" brand pet food products were made and/or manufactured in China. This action is brought on behalf of consumers who purchased "Ol' Roy" brand pet food products which falsely represent on the product label to have been "MADE IN USA" during the applicable Class Period. Complaint ¶ 1.

Central to the Defendants' marketing of certain of their "Ol' Roy" products is the representation and designation that such products were and are "MADE IN USA." Defendants package these products with the designation on the label or packaging, in capital and bold lettering, that the products were "MADE IN USA." Compl. ¶ 2.

Studies show that the "MADE IN USA" designation is a substantial factor in consumer purchasing decisions and that consumers are deceived by false "MADE IN THE USA" designations. 62 Fed. Reg. at 63768 and 63764. More importantly here, in the context of food products, the designation that the products were "MADE IN USA" becomes a central and primary consumer concern because of fears about contaminants and the differences in health and safety procedures in foreign countries. Compl. ¶ 2. Defendants have admitted that the "Ol' Roy" brand pet food products contained components manufactured in China. Compl. ¶ 6.

Consumers generally believe that "MADE IN USA" products are higher quality products than those of other countries. This is especially true with respect to food products. Unaware of the falsity of the Defendants' country-of-origin claims, Plaintiff and the other members of the Class all purchased "Ol' Roy" brand pet food products that had been mislabeled and sold by Defendants. Defendants' deception is ongoing and will victimize consumers every day until the practice is deterred by judicial intervention. (Complaint at ¶ 11).

The Plaintiff Margaret Picus is a resident of Nevada, who purchased "Ol' Roy" brand pet food products on multiple occasions at a Wal-Mart retail store located in Henderson, Nevada during the Class Period. (Complaint at ¶ 13). When the Plaintiff learned of the Defendants' fraudulent conduct

3
NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL TRANSFER ORDER - MDL 1850

she filed the instant lawsuit on behalf of herself and all similarly situated consumers nationwide who purchased fraudulently labeled Ol' Roy pet food products at Wal-Marts prior to March 16, 2007. (Complaint at ¶ 21). The Complaint alleges three causes of action based upon the fraudulent designation of Ol' Roy products as "Made in the USA": (1) violations of Nevada's consumer fraud laws, Nev. Rev. Stat.. Sections 41.600 and 598.0915, (2) unjust enrichment, and (3) common law fraud and concealment.[2] The Complaint alleges a class of consumers dating back years to limit of the statute of limitations, irrespective of any contamination:

> All Individuals in the United States Who Purchased One or More Ol' Roy Brand Pet Food Products Prior to March 16, 2007.

Compl. at ¶21.

### III. THIS CASE SHOULD NOT BE TRANSFERRED FOR CENTRALIZED PRETRIAL PROCEEDINGS BECAUSE THERE ARE NO SIGNIFICANT COMMON QUESTIONS OF FACT AND TRANSFER WOULD NOT ELIMINATE ANY DUPLICATIVE DISCOVERY, AVOID INCONSISTENT PRETRIAL RULINGS OR CONSERVE JUDICIAL RESOURCES

28 USCS §1407(a) allows civil actions in different districts with one or more common questions of fact to be combined and transferred to "any district for coordinated or consolidated pretrial proceedings." The JMDL based its order transferring and centralizing the MDL cases herein on the fact that all these cases were based on tainted pet food products:

> All actions stem from the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China and used in these products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

*In re Pet Food Prods. Liab. Litig.*, 2007 U.S. Dist. LEXIS 45540 at *3-*4 (JPML June 19, 2007)

Because this case is not based on the claim that the Defendants' pet food products were tainted, the rationale for centralizing the MDL actions simply does not apply to this action and the facts are not sufficiently common to warrant inclusion of this case in the MDL proceeding. *In re Tri-State Water Rights Litig.*, 481 F. Supp. 2d 1351, 1353 (J.P.M.L. 2007) (remanding one action that did not share sufficient questions of fact with claims in other actions which were transferred for pretrial

---

[2] The complaint also alleges that Defendants' mislabeling violates the consumer protection statutes of the other states including the states where Defendants are headquartered. Compl. at ¶ ¶ 27, 30.

coordination or consolidation); *In re New Century Mortg. Corp. Prescreening Litig.*, 473 F. Supp. 2d 1383, 1384 (J.P.M.L. 2007) ("centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation" where common questions of fact and law were not sufficiently complex and/or numerous); *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1350 (J.P.M.L. 2007) (separating and remanding "unique" claim alleging violation of California consumer protection statute).

This action involves a much longer class period and a much larger class than the MDL case. This case involves a class of purchasers of a specific brand of mislabeled dog food beginning in 2003, four years prior to the filing of this action and continuing through the present based on Defendants' ongoing mislabeling. The claims in the MDL actions address sales of sales of specific lots of tainted pet food during a six month period in 2006 and 2007 and the resulting injury to pets.

Discovery in this action will address ongoing product mislabeling not contamination and will have nothing to do with the physical injuries to pets at issue in the MDL proceedings. Accordingly, there will be no significant duplication between the discovery in this case and the MDL. There is also no significant risk of inconsistent pretrial rulings because the motion practice in this case will address very different issues than the MDL cases all of which are based on the sale of contaminated pet food. Here, as in *In re Qwest Communs. Int'l, Inc.*, 395 F. Supp. 2d 1360 (J.PM.L. 2005), "alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings." *Id.* at 1361. For example, to the extent there proves to be any overlap in discovery, discovery in this case could be coordinated with discovery in the MDL cases without transferring this action or including it in the MDL proceeding.

Further, the legal issues in this case will solely involve whether the Ol' Roy brand products can properly be designated as "MADE IN THE USA" under state and federal legal standards. Nevada law confers a private right of action for consumers who purchase products which falsely designate their geographic origin. As set forth in paragraph 8 of the Complaint, in this case, the legal authority established by the Federal Trade Commission and by 62 Fed. Reg. 63756 will establish the applicable standard for when a product can be called "Made in USA." Under this legal standard, a product must be "all or virtually all" made in the United States and "all or virtually all" means that "all significant

5

NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL TRANSFER ORDER - MDL 1850

parts and processing that go into the product must be of U.S. origin. That is, the product should contain no — or negligible — foreign content." Here, the labels for the products lied because the key manufactured component of the products was wholly "Made in China." The fact that a product was bagged or assembled in the United States is not sufficient. 62 Fed. Reg. at 63769-70. Bagging a product in the United States, when the product is composed of foreign manufactured components or materials, does not equal "Made in the USA". 62 Fed. Reg. at 63769-70. These factual and legal issues are wholly outside the scope of the product liability cases which comprise the MDL.

## IV.   CONCLUSION

For all of the reasons discussed herein, Plaintiff Margaret Picus respectfully requests that the conditional transfer order be vacated with respect to Picus v. Wal-Mart et al., and that this case be remanded to the District Court for the District of Nevada.

Dated: July 13, 2007

GERARD & OSUCH, LLP
BLUMENTHAL & NORDREHAUG

By: _____
Norman Blumenthal, Esq.
California State Bar #068687
Blumenthal & Nordrehaug
2255 Calle Clara
La Jolla, California 92037
Telephone:  (858) 551-1223
Facsimile:   (858) 551-1232

Robert Gerard
GERARD & OSUCH
2840 South Jones Blvd.
Building D, Suite 4
Las Vegas, NV 89146

***Attorneys For Plaintiff Margaret Picus***

## PROOF OF SERVICE

I, am, at all relevant times, was a citizen of the United States and a resident of the County of San Diego and am employed by the attorney of record in this action located at 2255 Calle Clara, La Jolla, CA 92037. I hereby certify that the following document(s):

(1) **PLAINTIFF'S NOTICE OF OPPOSITION AND OPPOSITION TO THE CONDITIONAL TRANSFER ORDER**

has been sent via U.S Mail to the attorneys for the Defendants at the following address(es):

Robert Gerard
GERARD & OSUCH
2840 South Jones Blvd.
Building D, Suite 4
Las Vegas, NV 89146
Attorney for Plaintiff

James Whitmore
SANTORIO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, 3rd Floor
Las Vegas, NV 89101
Attorney for Defendant Wal-Mart Stores

Nicholas Wieczorek
3980 Howard Hughes Pkwy, #400
Las Vegas, NV 89169
Attorney for Defendant Chemnutra

Dawn Grossman
COZEN O'CONNER
601 South Rancho Dr., Suite C-20
Las Vegas, NV 89106
Attorneys for Defendant Del Monte

Alan Westbrook
PERRY & SPANN
1701 W. Charleston Blvd., #200
Las Vegas, NV 89102
Attorney for Defendant Menu Foods

Kurt Bonds
ALVERSON, TAYLOR, MORTENSEN & SANDERS
7401 West Charleston Blvd.
Las Vegas, NV 89117
Attorney for Defendant Sunshine Mills

and has been mailed to the Clerk of the district court in this action is pending as follows:

Clerk of the United States District Court
District of Nevada - Las Vegas
333 Las Vegas Blvd.
Las Vegas, NV 89101

and has been mailed to all parties on the MDL service list as set forth on the attached pages:

*See Attached Pages 1 through 4*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 13, 2007 at San Diego, California.

By: _____
Kyle R. Nordrehaug

# INVOLVED COUNSEL LIST
## DOCKET NO. 1850
## IN RE PET FOOD PRODUCTS LIABILITY LITIGATION

Charles H. Abbott
Gibson Dunn & Crutcher
333 South Grand Avenue
45th Floor
Los Angeles, CA 90071-3197

John H. Alexander
John H. Alexander & Associates
100 West Monroe Street
Suite 2100
Chicago, IL 60603

Thomas C. Angelone
Hodosh, Spinella & Angelone
One Turks Head Place
Suite 1050
Providence, RI 02903-1516

Rene Lynn Barge
Class Action Litigation Group
11111 Santa Monica Blvd.
Los Angeles, CA 90025

Geroge S. Bellas
Bellas & Wachowski
15 North Northwest Highway
Park Ridge, IL 60068

Eric J. Benink
Krause, Kalfayan, Benink & Slavens, LLP
625 Broadway
Suite 635
San Diego, CA 92101

Steve W. Berman
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

Bruce S. Bistline
Gordon Law Offices
623 West Hays Street
Boise, ID 83702-5512

Garrett D. Blanchfield Jr
Reinhardt, Wendorf & Blanchfield
332 Minnesota Street
Suite E-1250
St. Paul, MN 55101

Norman B. Blumenthal
Blumenthal & Markham
2255 Calle Clara
La Jolla, CA 92037

Anthony G. Brazil
Morris, Polich & Purdy, LLP
1055 West Seventh Street
24th Floor
Los Angeles, CA 90017-2503

Jeniphr A.E. Breckinridge
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

Rachel Laine Carnaggio
Godfrey & Lapuyade, P.C.
9557 South Kingston Court
Englewood, CO 80112-5952

Paul C. Catos
Thompson & Bowie
Three Canal Plaza
P.O. Box 4630
Portland, ME 04112

Ilan J. Chorowsky
Chorowsky Law Offices
1130 N. Dearborn Street
Suite 3110
Chicago, IL 60610

Christy Comstock
21 West Mountain Street
Suite 300
Fayetteville, AR 72701

Barbara L. Croutch
Pillsbury Winthrop Shaw & Pittman
725 South Figueroa Street
Suite 1200
Los Angeles, CA 90017

Brian R. Cunha
Brian Cunha & Associates
311 Pine Street
Fall River, MA 02720

James L. Davidson
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432

Larry D. Drury
Larry D. Drury, Ltd.
205 West Randolph Street
Suite 1430
Chicago, IL 60606

John G. Emerson
Emerson Poynter, LLP
830 Apollo Lane
Houston, TX 77058

Thomas M. Ferlauto
King & Ferlauto
1880 Century Park East
Suite 820
Los Angeles, CA 90067-1627

Luis Guillermo Figueroa
Attorneys Trial Group
540 North Semoran Blvd.
Orlando, FL 32807

Jack Michael Fribley
Faegre & Benson, LLP
90 South Seventh Street
Suite 2200
Minneapolis, MN 55402-3901

Andrew H. Friedman
Helmer Friedman
723 Ocean Front Walk
Venice, CA 90291

Wendi J. Frisch
Morris, Polich & Purdy, LLP
1055 West 7th Street
Suite 2400
Los Angeles, CA 90017

Robert B. Gerard
Gerard & Osuch, LLP
2840 South Jones Boulevard
Building D, Suite 4
Las Vegas, NV 89146

Jeremy Gilman
Benesch, Friedlander, Coplan & Aronoff
2300 BP Tower
200 Public Square
Cleveland, OH 44114-2378

Paul Gordon
Paul Gordon, LLC
650 South Cherry Street
Suite 835
Denver, CO 80246

Patrick J. Goss
Rose Law Firm
120 East Fourth Street
Little Rock, AR 72201

Daniel E. Gustafson
Gustafson Gluek PLLC
608 Second Avenue South
Suite 650
Minneapolis, MN 55402

Susan M. Hack
Higgs, Fletcher & Mack, LLP
401 West A Street
Suite 2600
San Diego, CA 92101-1406

Jason Matthew Hatfield
Lundy & Davis, LLP
300 North College Avenue
Suite 309
Fayetteville, AR 72701

Bradley T. Hayes
804 State Street
Natchez, MS 39120

Bradley David Hergott
Scandaglia & Ryan
55 East Monroe Street
Suite 3930
Chicago, IL 60603

Harold M. Hewell
Hewell Law Firm
402 West Broadway
Fourth Floor
San Diego, CA 92101

Mick D. Hodges
Peterson Hodges & Harper
P.O. Box 3088
Twin Falls, ID 83303-5298

Charles H. Horn
Wright, Robinson, Osthimer & Tatum
44 Montgomery Street
18th Floor
San Francisco, CA 94104

William Gene Horton
Nolan, Caddell & Reynolds, P.A.
122 North 11th Street
Post Office Box 184
Fort Smith, AR 72902-0184

Don Howarth
Howarth & Smith
523 West Sixth Street
Suite 729
Los Angeles, CA 90014

Brian S. Inamine
Wright, Robinson, Osthimer & Tatum
888 South Figueroa Street
Suite 600
Los Angeles, CA 90017

D. Jeffrey Ireland
Faruki, Ireland & Cox, P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402

Frank Jablonski
Progressive Law Group, LLC
354 West Main Street
Madison, WI 53703

Christopher D. Jennings
Emerson Poynter, LLP
The Museum Center, Suite 305
500 President Clinton Avenue
Little Rock, AR 72201

Robert A. Jigarjian
Jigarjian Law Office
128 Tunstead Avenue
San Anselmo, CA 94960

Jeffrey T. Kestle
Gardner, Bond, Trabolsi, St.
Louis & Clement
2200 Sixth Avenue
Suite 600
Seattle, WA 98121

Michael S. Kreidler
Stich, Angell, Kreidler &
Dodge, P.A.
The Crossings, Suite 120
250 Second Avenue South
Minneapolis, MN 55401

Paul F. Linn
Michael Best & Friedrich, LLP
100 E. Wisconsin Ave, Ste.
3300
Milwaukee, WI 53202

Carrie Ann Lubinski
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Gary E. Mason
Mason Law Firm, P.C.
1225 19th Street, N.W.
Suite 500
Washington, DC 20036

Edward T. Matthews
Fredrikson & Byron
200 South 6th Street
Suite 4000
Minneapolis, MN 55402-1425

John J. McDonough
Cozen O'Connor, LLP
45 Broadway Atrium
Suite 1600
New York, NY 10006

Robert D. McIntosh
Adorno & Yoss, LLP
888 SE 3rd Avenue
Suite 500
Fort Lauderdale, FL
33316-1159

Jennifer L. McKeegan
Gallagher, Sharp, Fulton & Norman
Bulkley Building
6th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Steven J. Merker
Dorsey & Whitney LLP
370 17th Street
Republic Plaza Building
Suite 4700
Denver, CO 80202-5647

Ethan A. Miller
Squire, Sanders & Dempsey, L.L.P.
One Maritime Plaza
Suite 300
San Francisco, CA 94111

Daniel J. Mitchell
Bernstein Shur
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

J. Chad Moore
270 Market Street
Millersburg, PA 17061

Michael S. Morrison
Schonbrun DeSimone Seplow Harris & Hoffman
723 Ocean Front Walk
Venice, CA 90291-3270

John F. Mullen
Cozen O'Connor
1900 Market Street
Fourth Floor
Philadelphia, PA 19103-3508

Dennis E. Murray Sr.
Murray & Murray Co., LPA
111 East Shoreline Dr.
P.O. Box 19
Sandusky, OH 44871

Michael David Myers
Myers & Co., P.L.L.C.
1809 Seventh Avenue
Suite 700
Seattle, WA 98101

Allison Beth Neidoff
Gibbons, PC
One Pennsylvania Plaza
37th Floor
New York, NY 10119-3701

Gregory M. Nespole
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
11th Floor
New York, NY 10016

Marshall S. Ney
Mitchell, Williams, Selig, Gates & Woodyard, PLLC
5414 Pinnacle Point Drive
Suite 500
Rogers, AR 72758

William M. O'Mara
O'Mara Law Firm, P.C.
311 East Liberty Street
Reno, NV 89501

Gina E. Och
Murchison & Cumming
Chase Plaza
801 South Grand Avenue
9th Floor
Los Angeles, CA 90017-4613

Katherine J. Odenbreit
Class Action Litigation Group
13123 Garden Land Road
Los Angeles, CA 90049

Behram V. Parekh
Kirtland & Packard, LLP
2361 Rosecrans Blvd.
4th Floor
El Segundo, CA 90245-4923

David C. Parisi
Parisi & Havens
15233 Valleyheart Drive
Sherman Oaks, CA 91403

David A. Payne
Tom W. Cardin, P.C.
607 Main Street
Cassville, MO 65625

Terry M. Poynter
P.O. Box 370
Mountain Home, AR 72654-0370

Andrae P. Reneau
Wexler Toriseva Wallace, LLP
One North LaSalle Street
Suite 2000
Chicago, IL 60602

Eugene R. Richard
Wayne Richard & Hurwitz, LLP
One Boston Place
Suite 3620
Boston, MA 02108

Steven Lee Rodriguez
Cozen & O'Connor
425 California Street
Suite 2400
San Francisco, CA 94104

Daniel L. Rottinghaus
Berding & Weil
3240 Stone Valley Road West
Alamo, CA 94507

Edward B. Ruff III
Pretzel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673

Steven E. Schwarz
Law Offices of Steven E. Schwarz
2461 W. Foster Avenue
#1W
Chicago, IL 60625

Richard Mark Segal
Pillsbury Winthrop Shaw & Pittman
101 West Broadway
Suite 1800
San Diego, CA 92101

Scott R. Shepherd
Shepherd, Finkelman, Miller & Shah, LLC
4400 North Federal Highway
Suite 200
Lighthouse Point, FL 33064

Charles W. Spann
Perry & Spann
6130 Plumas Street
Reno, NV 89509

Dan Channing Stanley
Stanley & Kurtz, PLLC
422 South Gay Street
Third Floor
Knoxville, TN 37902

Michael L. Stoker
Johns, Flaherty & Rice, S.C.
205 Fifth Avenue South
Suite 600
P.O. Box 1626
La Crosse, WI 54602

Stuart C. Talley
Kershaw, Cutter & Ratinoff LLP
980 9th Street
19th Floor
Sacramento, CA 95814-2719

Mark John Tamblyn
Wexler, Toriseva, Wallace, LLP
1610 Arden Way
Suite 290
Sacramento, CA 95815

Jennifer Reba Thomaidis
Thomaidis Law, LLC
1866 Vine Street
Denver, CO 80206

Stephen R. Thomas
Moffatt, Thomas, Barrett, Rock & Fields, Chtd.
P.O. Box 829
Boise, ID 83701

Jeffrey R. Thompson
O'Neil, Parker & Williamson
416 Cumberland Avenue, S.W.
P.O. Box 217
Knoxville, TN 37902

Michael Patrick Turiello
Preztel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673

Adam T. Waskowski
Lord, Bissell & Brook, LLP
111 South Wacker Drive
Chicago, IL 60606

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

Scott Wm. Weinstein
Morgan & Morgan, P.A.
12800 University Drive
Suite 600
P.O. Box 9504
Fort Myers, FL 33906

Jeff S. Westerman
Milberg, Weiss & Bershad LLP
One California Plaza, Suite 3900
300 South Grand Avenue
Los Angeles, CA 90071

Jeffrey M. White
Pierce, Atwood, LLP
One Monument Square
Portland, ME 04101

Nicholas M. Wieczorek
Morris Polich & Purdy, LLP
3980 Howard Hughes Parkway
Suite 400
Las Vegas, NV 89109

Cheryl A. Williams
Milberg Weiss & Bershad
One California Plaza
300 South Grand Avenue
Suite 3900
Los Angeles, CA 90071

Shawn A. Williams
Millberg Weiss Bershad Hynes & Lerach, LLP
100 Pine Street
Suite 2600
San Francisco, CA 94111

Brian D. Wright
Faruki, Ireland & Cox, PLLC
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402