ALVERSON, TAYLOR, MORTENSEN & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
STEPHEN M. DIXON, ESQ.
Nevada Bar #10025
7401 W. Charleston Blvd.
Las Vegas, NV 89117
(702) 384-7000
Attorneys for Defendant
SUNSHINE MILLS, INC.

2007 JUL 25 P 5: 04

## BEFORE THE

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

-*-

3:07CV00159-LRH-VPC

IN RE PET FOOD PRODUCTS  )  M.D.L.-1850
LIABILITY LITIGATION     )

**DEFENDANT SUNSHINE MILLS, INC.'S NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-1)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Sunshine Mills, Inc., hereby files its Notice of and Opposition to Conditional Transfer Order (CTO-1) filed by the Judicial Panel on Multidistrict Litigation on June 28, 2007, in regard to *Picus v. Wal-Mart Stores, Inc., et al.*, Case No. CV-S-00682-PMP-LRL District of Nevada.

### I. INTRODUCTION

Plaintiff Picus purports to bring this action on behalf of a class alleging that Defendants: 1) violated the Nevada unfair competition statute Nev. Rev. Stat.§ 41.600; 2) were unjustly enriched; and 3) committed fraud. Defendant Sunshine Mills agrees with Plaintiff and contends that this case should not be transferred and centralized with the MDL cases for pretrial purposes because the questions of fact in the present case are not similar to those at issue in the MDL

cases. Thus, transfer would not facilitate any of the goals for combining cases including the prevention of duplicative discovery or conservation of party, counsel, or judicial resources. Furthermore, as the present case and the MDL cases present unique issues of law and fact, independent rulings are appropriate.

## II. STATEMENT OF FACTS

Sunshine Mills, Inc. is a producer and supplier of pet food products to Wal-Mart Stores. Of the sixteen (16) Ol' Roy brand pet food products named in Plaintiff's Complaint, Sunshine only produced one of those products for Walmart, dog biscuits in two flavors. Defendant's biscuits satisfy the federal requirements to make an unqualified "MADE IN USA" claim. As such, Defendant's products remain in compliance with both federal and state laws regulating unfair and deceptive trade practices.

Plaintiff contends that the Defendant was involved in a "scheme" whereby Defendant would intentionally mislabel its products as "MADE IN USA" to entice consumer purchases. Defendant has at all times complied with the Federal Trade Commission's guidelines for making "MADE IN USA" claims such that "all or virtually all" of the products' ingredients are of domestic origin. The amount of any foreign content in Defendant's products was negligible and in compliance with the FTC guidelines for making unqualified "MADE IN USA" claims. (http://www.ftc.gov/bcp/conline/pubs/buspubs/madeusa.shtm). As a result, Sunshine was entitled to proudly label its products "MADE IN THE USA."

## III. THIS CASE SHOULD BE REMANDED TO THE DISTRICT COURT OF NEVADA BECAUSE THERE ARE NO SIGNIFICANT COMMON QUESTIONS OF FACT AND TRANSFER WOULD NEITHER ELIMINATE DUPLICATIVE DISCOVERY NOR AVOID INCONSISTENT PRETRIAL RULINGS OR CONSERVE JUDICIAL RESOURCES

Civil actions in different districts with one or more common questions of fact may be combined and transferred to another district for coordinated or consolidated proceedings. 28 USCS Section 1407(a). The many civil actions to be transferred and centralized by the present proceeding do not have common questions of fact. There appear to be two distinct lines of cases which the present Transfer Order purports to combine. The first group of cases all allege

consumer purchases of tainted pet food products. The second type of case, of which this Defendant is a part, alleges violations of consumer fraud laws. The JPML had hoped to combine both categories of cases under the common fact that they were both based on tainted pet food products:

> All actions stem from the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China and used in these products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

*In re Pet Food Prods. Liabl. Litig.*, 2007 U.S. Dist. LEXIS 45540 at 3-4 (J.P.M.L. June 19, 2007). However, the two sets of cases contain different questions of fact which are uncommon to each other. The main issue in the present case concerns the geographic origin of the contents of the pet food rather than any tainting of the ingredients, which is at the heart of the MDL cases. In fact, Plaintiff's complaint is completely void of any claim that Defendants' pet food products were contaminated or tainted, the primary issue in the MDL cases. Thus, as Plaintiff herself has failed to claim that the pet food was tainted, this tainting can not be used as the rationale for centralizing the actions.

Significantly, the present case and the MDL cases contain no further similarities beyond the fact that they both make allegations against Ol' Roy pet food products. The MDL classes are comprised of individuals seeking damages for the loss of their animals who died as a result of eating contaminated pet food. The present class would be comprised of individuals who seek damages for purchasing products that violate fair trade practices, an entirely different and unrelated matter. Plaintiff's complaint centers on the fact that she and others purchased the pet food because it was "MADE IN THE USA" and is entirely void of any claim for contamination or loss of a pet. These unique issues at the center of each type of case made their combination problematic in all stages of litigation.

In addition to sharing common questions of fact, the centralization should serve either the convenience of the parties or further the just and efficient conduct of this litigation." *In re New Century Morg. Corp. Prescreening Litig.*, 473 F. Supp. 2d 1383, 1384 (J.P.M.L. 2007). In the

3

present case, the parties, witnesses, and the Court will be inconvenienced by the transfer as the classes of Plaintiffs and scope of discovery diverge. First, the MDL cases involve a different class of purchasers of specific contaminated pet food during a definitive period of time. Here, the Plaintiff class is defined to include all consumers who purchased the Ol'Roy brand products. Additionally, the scope of discovery in the present case will fail to address any contamination and subsequent illness or death of animals, the main claim of the MDL cases. Similarly, the MDL cases will have no reason to investigate the "Made in USA" claim as regulated by the Federal Trade Commission's "all or virtually all" standard. Discovery by one of the groups would fail to prove adequate for the other. Defendant is in agreement with Plaintiff that appropriate alternatives to transfer, such as coordinating discovery efforts, would minimize any risk of duplication or expenditure of resources in the event that an overlap with the MDL cases emerges.

## IV. CONCLUSION

For all of the aforementioned reasons, Defendant Sunshine Mills respectfully requests that the Conditional Transfer Order (TRO-1) be vacated with respect to *Picus v. Wal-Mart Stores, Inc., et al.*, and that this case be remanded to the District Court for the District of Nevada.

DATED this 24 day of July, 2007.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

KURT R. BONDS, ESQ.
Nevada Bar #6228
STEPHEN M. DIXON, ESQ.
Nevada Bar #10025
7401 W. Charleston Blvd.
Las Vegas, NV 89117
Attorneys for Defendant
SUNSHINE MILLS, INC.

# CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 24th day of July, 2007, service of the foregoing **DEFENDANT'S NOTICE OF OPPOSITION AND OPPOSITION TO THE CONDITIONAL TRANSFER ORDER** was made this date by depositing a true copy of the same for mailing, first class mail at Las Vegas, Nevada, addressed as follows:

Robert M. Gerard, Esq.
Lawrence T. Osuch, Esq.
GERARD & OSUCH, LLP
2840 South Jones Blvd.
Building D, Suite #4
Las Vegas, NV 89146

James E. Whitmire, III, Esq.
SANTORO, DRIGGS, WALCH, KEARNEY,
  JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, NV 89101

Dawn Grossman, Esq.
COZEN O'CONNER
601 South Rancho Drive, Suite C-20
Las Vegas, NV 89106

Nicholas M. Wieczorek, Esq.
MORRIS POLICH & PURDY, LLP
3980 Howard Hughes Pkwy., Suite 400
Las Vegas, NV 89169

Alan Westbrook, Esq.
PERRY & SPANN
1701 W. Charleston Blvd., #200
Las Vegas, NV 89102

and has been mailed to the Clerk of the district court where this action is pending as follows:

Clerk of the United States District Court
District of Nevada-Las Vegas
333 Las Vegas Blvd.
Las Vegas, NV 89101

and has been mailed to all parties on the MDL service list as set forth on the attached pages:

See Pages 1-4

An Employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS

N:\kurt.grp\CLIENTS\16900\16919\pleading\opp to cto.wpd

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

5